# Western Union Telegraph Company v. Prevatt.

*Damages for Failure to Deliver Telegram.*

(Decided Feb. 14th, 1907.  43 So. Rep. 106.)

1.  *Telegraphs and Telephones; Operation; Messages; Relationship; Damages; Mental Suffering.*—A grandson is within that near relationship that will authorize a recovery for mental pain

and anguish occasioned by the failure to deliver a message stating that the grand father was dying and to come at once.

2. `Same; Agent of Sender; Stipulation as to Claim for Damages.—` The sender, who could neither read nor write, went into the telegraph office and procured one of the employes to write a telegram for him and sign his name thereto. The message was written on the usual blank form and was read back to the sender. Held, the employe was 'the agent of the sender' in writing the message so as to bind him to a stipulation on the form requiring the filing of his claim for damages within a certain time.

3. `Same; Limiting Liability.—`In the absence of fraud, one who procures another. to write a message upon one of the forms· for that purpose and sign his name thereto without dissent, is estopped to deny the binding force of a notice on such form limiting the company to liability for damages to claims presented within thirty days after the message is filed for transmission.

4. `Same.—`Although the sender, who was the agent of the plaintiff sendee, could not read and write, and procured another to do so for him, the plaintiff sendee, in the absence of fraud is bound by the stipulation limiting liability to damages on claims filed within thirty days from the day the message was filed for transmission.

Appeal from Houston Circuit Court.

Heard before Hon. H. A. Pearce.

Action by J. D. Prevatt against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Rushton & Coleman, and A. H· Arrington, for appellant.—The relationship of grandson and grandfather is not within the degree for which there can be a recovary for mental pain, nor does proof of such relationship of itself raise a presumption of law that mental pain and anguish was suffered.—*W. U. Tel. Co. v. Ayers,* 131 Ala. 391; *W. U. Tel. Co. v. Crocker,* 135 Ala. 492; *W. U. Tel. Co. v. Wilson,* 75 S. W. 482; *W. U. Tel. Co. v. Steinburger,* 54 S. W. 829; *W. U. Tel. Co. v. Luck,* 41 S. W. 469; *W. U. Tel. Co. v. Coffin,* 30 S. W. 298; *W. U. Tel. Co. v. McMillan,* 30 S. W. Rep. 298; *W. U. Tel. Co. v. Garrett,* 34 S. W. 649; *W. U. Tel. Co. v. Gibson,* 39 S. W. Rep. 198; *W. U. Tel. Co. v. Brown,* 2 L. R. A. 766; *W. U. Tel. Co. v. Davidson,* 54 S. W. Rep. 853.

]Western Union Telegraph Company v. Prevatt.[

Plaintiff's agent bound the plaintiff by the stipulations on the telegraph blank on which the message was written that claim for damages must be presented to the company within a specified time.—*Harris v. W. U. T. Co.*, 121 Ala. 523; *W. U. T. Co. v. Edsall*, 63 Tex. 688; *W. U. T. Co. v. Foster*, 64 Tex. 664; *Tex. Tel. & T. Co. v. Seiders*, 29 S. W. Rep. 258; *G. C. & S. F. Ry. v. Geer*, 24 S. W. Rep. 86; *Givan v. W. U. T. Co.*, 24 Fed. Rep. 119; *Stamey v. W. U. T. Co.*, 18 S. E. Rep. 1008; *Carroll v. Express Co.*, 16 S. E. Rep. 128; *Ayers v. W. U. T. Co.*, 72 N. Y. Supp. 634; *W. U. T. Co. v. Simms*, 69 S. W. 464; *So. Ex. Co. v. Newby*, 36 Go. 635; *W. U. T. Co. v. Buchanan*, 35 Ind. 439; *Clements v. W. U. T. Co.*, 137 Mass. 463.

Charge number nine was improperly refused.—*Edmondson v. Anniston C. L. Co.*, 128 Ala. 594; *Barnard v. State*, 88 Ala. 113; *Smith v. State*, 86 Ala. 30; *Miller v. State*, 54 Ala. 155; *Eiland v. State*, 52 Ala. 322; *Bell v. Troy*, 35 Ala. 184.

ESPYY & FARMER, for appellee.—The case of *W. U. Tel. Co. v. Crocker*, 135 Ala. 492, is conclusive on the question of relationship which will support recovery for mental anguish. See also the case of *Kirchbaum v. W. U. Tel. Co.*, 41 South. 16. If we take the version of appellee's agent as to the transaction of sending the telegram appellant's agent did not become plaintiff's agent so as to bind him by the stipulations as to the time when claims for damages must be preferred.— *Harris v. Western U. Tel. Co.*, 121 Ala. 519. On the same authority the court properly refused charge 9.

HARALSON, J.—1. The defendant, appellant here, insists upon error on three grounds, which really cover all the points involved in the appeal. The first of these, as stated by defendant's counsel, "Is the relationship of grandson and grandfather, within the degree for which there can be a recovery for mental pain and anguish, occasioned by failure to deliver a telegram, and does proof of such relationship raise a presumption of law that mental pain and anguish were suffered?"

This question was considered very fully in the recent case of the *Western Union Tel. Co. v. Crocker*, 135 Ala. 492, 33 South. 45, 59 L. R. A. 398, and decided in the affirmative. We see no reason for departing from that decision. The case of *Western Union Tel. Co. v. Ayers*, 131 Ala. 391, 31 South. 78, 90 Am. St. Rep. 92, is not opposed, in any respect, to the *Crocker Case*. The *Ayers Case* was an action by a father against the telegraph company, for the negligent failure to deliver a message sent by the father of a sick child, summoning his brother-in-law, to the child's bedside, which message the sendee, the uncle of the child, did not receive till too late to reach the child before its death. The father sought damages for his mental anguish and suffering on account of the absence of his brother-in-law, and it was held that the relationship between the sender and sendee was too remote to authorize damages in favor of the former.

2. It is insisted, that Mrs. Cason, a clerk in the office of the telegraph company at Dothan, became, on account of what occurred between her and B. L. Prevatt, the agent of the latter in and about the sending of the message, so as to bind him, B. L. Prevatt, to a stipulation on the back of the telegraph blank on which the message was written, that claim for damages must be presented within a specified time.

The evidence of B. L. Prevatt was, that the grandfather of the plaintiff was sick in Dothan, in the early part of November, 1903, when plaintiff decided to leave that town, to go to Enterprise; that on leaving he requested his brother, B. L. Prevatt of Dothan, to telegraph to him at Enterprise, in the event his grandfather should get worse, and that said B. L. Prevatt agreed to do so; that on November 3rd, the witness went to the telegraph office, and told the lady clerk, who was Mrs. Cason, that he wished to send a message to his brother, J. D. Prevatt, at Enterprise, telling him that his grandfather was not expected to live and to come home.

He further testified that he was the agent for his brother, J. D. Prevatt, for this purpose, could neither read nor write, and requested Mrs. Cason to send the

message for him, for which he paid her 25 cents; that he dictated the message, and the clerk wrote it down, and after she had written it, she read it back to him, and thereupon, after paying the charge, he left the office.

The message was as follows:

"Dothan, Alabama, 11-3—'06.

"Rev. J. D. Prevatt, Enterprise, Ala.

"Your father is not expected to live. Come at once.

"B. L. Prevatt."

It was further shown that on the back of the telegram were a number of conditions, and among them, that "the company will not be liable for damages or statutory penalties in any case, where the claim is not presented in writing within thirty days after the message is filed with the company for transmission." He further testified that he did not see defendant's clerk write the message on the telegraph blank; that he could not say that she did or did not write it, and that he did not know that she did any writing while he was in the office; that he had neither notice of the rule of the company in respect to presenting claims for damages, nor of the stipulation on the back of the printed form, about which he knew nothing, as he did not see the form, nor was he told what was on its back.

Mrs. Cason testified for defendant, "that she was at the time, clerk in the telegraph office at Dothan; that about 10 o'clock p. m., B. L. Prevatt came into the office and said he desired to send a telegram to his brother at Enterprise; that he could neither read or write, and that he wanted witness to write and send the message for him; that she wrote the message on a blank provided for the purpose by the telegraph company; that he dictated the message to her as she wrote it on the blank and that after she wrote it, she read it back to him; that thereupon he paid the charge, 25 cents, for the transmission and left the office; that the message was written on a blank of the company; * * * that on the back of the blank, upon which the message was written was the printed rule of the company," as set out above.

It was shown that plaintiff presented no claim to the telegraph company, in writing, within thirty days after the message was filed with the company, nor was any claim filed until this suit was brought.

That Mrs. Cason in writing the message notwithstanding she was the agent of the company, was acting for and on behalf of the sender, cannot well be denied. In the preparation of the message, she was acting as the agent of the sender. While she was the agent of the company to receive and forward messages, she was not such agent to write messages for others. When specially requested by the plaintiff to do this work for him, she was as much his agent, as if he had been a stranger to her. When one writes a message upon one of these blanks, or procures another as his agent to write it for him, and signs the same, or procures his agent to sign his name to it, without dissent, he will, in the absence of fraud be estopped from denying the binding force of such regulations on the message as to which we have referred, notwithstanding he did not read them. He will not be permitted to show that he did not read or understand the conditions contained in the printed regulations.—*Western Union Tel. Co. v. Edsall,* 63 Tex. 668, citing Gray's Communications by Telegraph, 52, note 2; *White v. Western Union Tel. Co.,* 14 Fed. 720, 722, notes "n" and "v."

There was no conflict in the evidence as to the agency of Mrs. Cason for the sender in writing the message. The question whether the rule was reasonable is not raised in this case, since issue was taken on defendant's pleas, which involved the rule as a defense.

The fact that the plaintiff's agent could neither read nor write, is of no consequence in this case. If one who cannot read or write, executes an instrument, without asking to have it read to him, the legal effect of his signature, or execution of the instrument, cannot be avoided by showing his ignorance of its contents, in the absence of some fraud, deceit, or misrepresentation having been practiced upon him.—*Burroughs v. Pacific Guano Co.,* 81 Ala. 258, 1 South. 212; *Goetter, Weil & Co. v. Pickett,* 61 Ala. 387; *Campbell v. Larmore,* 84

[Western Union Telegraph Co. v. Heathcoat.]

Ala. 500, 4 South. 593; *Bank v. Webb*, 108 Ala. 137, 19 South. 14.

The evidence is clear and undisputed that no deceit, fraud or misrepresentation was practiced on the plaintiff by the clerk, Mrs. Cason, who wrote the message for him as his agent.

Under the undisputed evidence, the general charge as requested by the defendant should have been given. It is unncessary to notice other assignments of error.

Reversed and remanded.

Tyson, C. J., and Simpson and Denson, JJ., concur.

*Damages for Failure to Transmit Message.*

