12018.  GILLIAM *v.* WESTERN UNION TELEGRAPH COMPANY.

STEPHENS, J.  1. It is no part of the duty of a telegraph company's agent in charge of an office, which receives messages and transmits money by telegraph, to write out an application for the transmittal of money by an applicant; and when one desiring to transmit money by telegraph makes a verbal application over the telephone to the agent of the telegraph company, requesting him to transmit the money on the applicant's credit, and is informed by the agent that the rules of the company require the agent to have the money in hand before undertaking to transmit it, and where, for the convenience of the applicant, it is arranged between the agent and the applicant that the applicant shall deposit the money for the agent at some point where the agent will call and receive it, and where the agent, after having made such agreement with the applicant, takes the steps necessary for the transmission of the money to a distant point, and makes out an application to the telegraph company, signing thereto the applicant's name, the agent is, in signing such application, under such circumstances, the agent for the applicant; and where such application contains a waiver, on the part of the applicant, of identification of the payee of the money at the office at the point where the payee is to receive it, and authorizes and directs the telegraph company to pay the sum named in the order at the applicant's risk and to such person as the company's agent believes to be the payee named in the application, the applicant is bound thereby.  See in this connection: Western Union Tel. Co. *v.* Prevatt, 149 Ala. 617 (43 So. 106); Western Union Tel. Co. *v.* Halcomb (Texas, 1912), 152 S. W. 190 (1);  Carroll *v.* Southern Express Co., 37 S. C. 452 (16 S. E. 128).

2. Where the agent of the telegraph company at the office at the point of payment in good faith delivers the money to one whom he believes to be the payee, after satisfying himself from the direction on a letter in the possession of such person and from such person's correct knowledge of the amount of money expected and the name and address of the applicant, the telegraph company is not negligent in delivering the money to such person, and therefore is not liable to the applicant for delivering it to the wrong party and to one who is not entitled thereto.

3. In a suit by the sender against the telegraph company to recover against the latter for having delivered the money transmitted to the wrong party and to one not entitled thereto, where the evidence showed the above facts, a verdict was properly directed for the defendant.

*Judgment affirmed.  Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Appeal; from Fannin superior court — Judge Blair.  October 19, 1920.

*William Butt,* for plaintiff.

*Brewster, Howell & Heyman, Mark Bolding,* for defendant.