(97 South. 830)

## WOODALL v. WESTERN UNION TELEGRAPH CO. (8 Div. 594.)

(Supreme Court of Alabama. Nov. 1, 1923.)

1. **Commerce ⊜⇒28—Message between points in state, transmitted through another state, held "interstate."**

In an action for damages for failure to deliver a telegram within the same state, defendant's plea "that said telegram, in the course of its transmission, was dispatched over * * * lines traversing * * * Georgia and Tennessee," disclosed an "interstate" transaction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. **Appeal and error ⊜⇒680(2)—Demurrer not in record not reviewable.**

The court could not consider error in overruling plaintiff's demurrer to certain pleas, where such demurrer was not in the record.

3. **Telegraphs and telephones ⊜⇒73(1) — Whether friend of telegraph agent acted as sender's agent held for jury.**

Where plaintiff, who had sent many messages both from his office and the telegraph office, after being informed that the telegraph agent was busy, gave his message by phone to the agent's friend and approved it after its repetition to him, whether the friend was plaintiff's agent therein was for the jury.

4. **Telegraphs and telephones ⊜⇒73(1) — Whether sender knew usual blanks were used held for jury.**

In an action for failure to deliver a telegram, where plaintiff's frequent use of the telegraph had familiarized him with the blanks used, whether he knew and understood that the telegraph agent's friend, who received his message by telephone, would write it on the usual blank for transmission was a jury question.

5. **Evidence ⊜⇒121(2) — Telegraph agent's warning that message was too late held res gestæ.**

In an action for failure to deliver a telegram, evidence that the telegraph agent told his friend, who took down plaintiff's message, "that in all probability the receiving station would be closed," and that the friend repeated it over the telephone to plaintiff was competent as res gestæ.

6. **Witnesses ⊜⇒240(4)—Question on examination of plaintiff in suit for failure to deliver telegram held leading.**

In an action for failure to deliver a telegram, plaintiff's examination by his counsel, "Now these—the telegraph blanks—were always lying with their face up, were they?" was leading.

7. **Witnesses ⊜⇒268(12) — Cross-examination in suit for failure to deliver telegram as to a cotton transaction held proper.**

In an action for failure to deliver a telegram as to a cotton transaction, a question on cross-examination of plaintiff's witness as to whether a good deal of cotton buying and sell-

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing was not done when men really have no cotton on hand, was proper.

**8. Telegraphs and telephones ☜66(2)—Plaintiff's familiarity with blanks held admissible.**

In an action for failure to deliver a telegram, questions to a witness to show plaintiff's familiarity with the blanks used were properly admitted.

**9. Trial ☜260(7) — Omission of instruction covered by oral charge held not error.**

In an action for failure to deliver a telegram, refusal to merely instruct the jury as to the duty of reasonable diligence in transmitting telegrams, where the oral charge fully covered it, was not error.

**10. Telegraphs and telephones ☜54(7)—Sender bound by stipulations on blanks.**

In the absence of fraud, deceit, or misrepresentation, the telegram sender was bound by the stipulations on the back, if he knew they were there, whether he knew their contents or not.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action for damages for failure to deliver telegram, by C. W. Woodall against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Defendant's pleas 10, 11, and 12 are as follows:

"10. For further answer defendant says that there was a contract in writing between plaintiff and defendant, whereby it was agreed between them that said message was an "unrepeated message," and that defendant should not be liable for any delay in the transmission or delivery of said message or for nondelivery of the same beyond the amount received by defendant for sending the same, and defendant avers that said telegram, in the course of its transmission, was dispatched over telegraph lines traversing the states of Georgia and Tennessee and was interstate business, and in no event should plaintiff recover more than the fee paid.

"11. For further answer defendant says that, in and by the written contract mentioned in plea No. 2, it was agreed that defendant should not be liable for any delay in the transmission or delivery of said message or for a nondelivery thereof beyond 50 times the amount received by defendant for sending the same, unless specially valued, and defendant avers that said telegram, in the course of its transmission, was dispatched over telegraph lines traversing the states of Georgia and Tennessee and was interstate business, and in no event should plaintiff recover more than 50 times the fee paid for the transmission of the message.

"12. For further answer defendant says that in and by said contract mentioned in plea No. 2, it was agreed between plaintiff and defendant that the recoverable damages for a delay in the transmission or delivery of said telegram or for a failure to deliver the same should not exceed $50, and defendant avers that said telegram, in the course of its transmission, was dispatched over telegraph lines traversing the states of Georgia and Tennessee and was interstate business, and that in no event should plaintiff have a judgment for more than $50."

Assignments of error 2 and 3 are as follows:

"2. The court erred in sustaining defendant's objection to the following question propounded to the witness C. W. Woodall by his counsel, to wit, 'Now these—the telegraph blanks—were always lying with their face up, were they?'

"3. The court erred in overruling plaintiff's objection to the following question propounded to the witness, C. W. Woodall, by defendant, to wit: 'A good deal of this buying and selling cotton is done when men really haven't got the cotton on hand, is it not?' "

The action of the trial court in overruling objection to the following questions by defendant to witness Long, and in overruling motions to exclude witness' answer thereto, forms the basis of assignments 8 to 13, viz.:

"Q. I will ask you if on previous occasions you have taken down messages for Woodall over the telephone? A. Yes, sir.

"Q. What sort of blanks did you take the previous messages on from Woodall when you took them down over the telephone? A. Always on regular day telegraph blanks (referring to the one that had been testified about before the jury).

"Q. Did he ever make any objections to sending telegrams on any of these blanks? A. No, sir; he never rendered any objection."

Charge C, given for defendant, is as follows:

"C. If, under the circumstances and in the light of Woodall's previous experience in using the telegraph, and of his knowledge of the methods of defendant in the transaction of its business, Woodall had reasonable grounds to know that the message would be written by Jordan on a blank like that on which Jordan actually wrote it, then Woodall would be bound by the printed stipulations on the back of the telegram."

D. Isbell, of Guntersville, for appellant.

It was error to leave to the jury the question whether plaintiff was bound by the stipulation on the back of the telegram. Harris v. W. U. Tel. Co., 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70. Charges 3 and 6, requested by plaintiff, stated correct principles of law, and should have been given. Harris v. W. U. Tel. Co., supra; W. U. Tel. Co. v. Burns, 164 Ala. 252, 51 South. 373; W. U. Tel. Co. v. Westmoreland, 150 Ala. 654, 43 South. 790; W. U. Tel. Co. v. Haley, 143 Ala. 586, 39 South. 386; 37 Cyc. 1749.

Street & Bradford, of Guntersville, for appellee.

Evidence that plaintiff knew the stipulations set out on the blanks was admissible. W. U. Tel. Co. v. Miller, 196 Ala. 620, 72 South. 168; 37 Cyc. 1693. The act of Jor-

dan in writing the message on the blank in question bound plaintiff to the conditions set out thereon. W. U. Tel. Co. v. Prevatt, 149 Ala. 617, 43 South. 106; W. U. Tel. Co. v. Benson, 159 Ala. 254, 48 South. 712; W. U. Tel. Co. v. Jackson, 163 Ala. 9, 50 South. 316; 37 Cyc. 1694.

GARDNER, J. Action by appellant against appellee to recover damages for the alleged negligent failure to promptly transmit and deliver a telegram in reference to a cotton transaction. The cause was submitted to the jury, resulting in a verdict for the defendant, from which the plaintiff has prosecuted this appeal.

The plaintiff was a dealer in cotton in the town of Guntersville, and the telegram was sent to one Stubbs at Scottsboro, Ala. There was no direct line of telegraphic communication between Guntersville and Scottsboro, and the telegraph company sent this message in accordance with its custom through Birmingham, Atlanta, and Chattanooga as relay stations, and thus to Scottsboro.

[1] Pleas 10, 11, and 12 set up certain defenses arising from stipulations found on the back of the telegram, constituting a part of the contract. These pleas disclose that the transaction was of interstate character.

[2] The first assignment of error had reference to the action of the court in overruling plaintiff's demurrer to these pleas. As we gather from the brief of counsel for appellant it appears to be conceded that if the message was an interstate one the ruling of the court below was in conformity with the former decision of this court. West. U. Tel. Co. v. Beasley, 205 Ala. 115, 87 South. 858; West. U. Tel. Co. v. Hawkins, 198 Ala. 682, 73 South. 973; West. U. Tel. Co. v. Barbour, 206 Ala. 129, 89 South. 299, 17 A. L. R. 103. However, upon an examination of the record, we find that it contains no demurrers addressed to pleas 10, 11, and 12, and therefore the court is not in position to consider the assignment of error based upon this ruling.

[3, 4] Some of the more important assignments of error, including exception to a portion of the oral charge of the court, and the refusal of charges requested by the plaintiff, rest upon the theory that the plaintiff was in no manner bound by the stipulations of the written message for the reason he did not sign the same, nor was it signed by any one authorized by him in the premises.

The plaintiff had been dealing in cotton in Guntersville, Ala., for a number of years, and had sent many telegrams over the defendant's line. A number of these messages were telegrams sent from his office to the office of the defendant—these offices being situated about 75 yards distant one from the other. He had telegraph blanks in his office and had written messages in his office and sent them to the defendant's office, and had also sent

many messages from the office of the defendant company. Plaintiff testified that the defendant's agent had possibly left telegraph message forms like the one in question in his office. The agent of the defendant testified that the plaintiff, was in the telegraph office each day during the cotton season, unless he happened to be out of town, that he would sometimes, to use the language of the witness, "be in my office as much as a dozen times a day," and that "he never made any objections to sending telegrams on the blanks furnished." The form in question was the regular form kept in the office for regular day telegrams, and when the plaintiff came to the office he used this form of telegram, and when he (the agent) took the plaintiff's messages over the telephone they were written on the regular day telegram blanks.

On the occasion in question the plaintiff, at about 5:35 in the afternoon of December 2, 1920, called the defendant's office over the telephone and asked for Mr. Long, the agent, stating he wanted to send a telegram. One Jordan, who happened to be a visitor in the office at the time, told the plaintiff that Long was busy and had instructed him (Jordan) to take down the message. Plaintiff then dictated the message to Jordan, who wrote it down as given over the telephone, and when the message was completed plaintiff requested that it be repeated back to him, which was done—the plaintiff stating that it was correct. The message was written by Jordan on the regular day blank form, plaintiff's name being signed to it by Jordan, and was handed to Long, the agent, for transmission to its destination.

As to whether or not, under these circumstances, Jordan was acting as the agent of the plaintiff in writing down this message, was a question left by the court for the jury's determination.

We are not in accord with the contention of counsel for appellant that the facts in this case bring it within the influence of Harris v. West. U. Tel. Co., 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70; but rather within the scope of West. U. Tel. Co. v. Burns, 164 Ala. 252, 51 South. 373, and West. U. Tel. Co. v. Prevatt, 149 Ala. 617, 43 South. 106.

There is nothing, therefore, in the action of the court in leaving this question for the jury's determination, of which the plaintiff can complain.

The trial court instructed the jury that, if the plaintiff, when he telephoned this message to the defendant's office, knew and understood that it would be written on one of the usual blanks, and gave it to Jordan with that understanding, and such was plaintiff's expectation, then he would be bound by the stipulations contained therein. There was no evidence of fraud or misrepresentation, and we are of the opinion that under the evidence in this case that question of fact was likewise properly left for the jury's determi-

nation. There is therefore no merit in those assignments of error, based upon the theory that the plaintiff was not bound as a matter of law by the stipulations contained in the message.

[5] The agent for the defendant was permitted to testify that when Jordan told him that the plaintiff desired to send a message, he instructed Jordan to tell plaintiff "the hour was late, and in all probability the office at Scottsboro would be closed before the telegram could reach there," and that Jordan repeated this over the telephone to the plaintiff. We think this evidence was competent under the circumstances as part of the res gestæ of the transaction; there was no error therefore in its admission.

[6] The question objected to, which forms the basis of assignment of error No. 2, was a leading question, and this suffices as an answer to the insistence thereon.

[7] The third assignment of error relates to a question asked by defendant of witness Stubbs, which properly came within the scope of cross-examination, and there was no error in overruling the objection thereto.

[8] Assignments of error 8 to 13, inclusive, relate to the action of the court admitting the evidence of witness Long, tending to show plaintiff's familiarity with the blanks upon which messages were sent, which rulings we think were correct.

[9] There was no error in the refusal of charge 6 for the plaintiff. It ignores the issues presented by pleas 10, 11, and 12, and, if it was intended to merely instruct the jury as to the duty of reasonable diligence, its substance was fully embraced in the oral charge of the court.

[10] What we have previously said indicates our view there was no reversible error in giving charge C for the defendant. In order to be bound by the stipulations contained on the message, it was not necessary that the plaintiff should have actually known the contents thereof. If he knew that stipulations were on this blank, though he did not know their contents, and if he knew or had reason to believe that Jordan would use one of these blanks he is bound by the stipulations, whether he knew their contents or not, there being no evidence of fraud, deceit, or misrepresentation. West. U. Tel. Co. v. Prevatt, supra.

Charge 3, requested by the plaintiff, was properly refused.

Charge 4, refused to the plaintiff, was fully covered by the oral charge.

We find no reversible error in the record, and the judgment of the court below will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.