142 So. 99

## FIRST NAT. BANK OF DOTHAN v. WESTERN UNION TELEGRAPH CO.

### 4 Div. 860.

Court of Appeals of Alabama.
March 29, 1932.

Rehearing Denied April 19, 1932.

Farmer, Merrill & Farmer, of Dothan, for appellant.

Francis R. Stark, of New York City, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

SAMFORD, J.

The plaintiff received a telegram from defendant's agent at Dothan, Ala., which read, "Dated Jacksonville, Fla. Wire three hundred dollars, care Western Union now. Phoning to-night. [Signed] George Y. Malone."

On the same day, and in response to the above message, plaintiff filed a money transmission application, at Dothan, in the sum of $300, directing defendant to pay to Geo. Y. Malone, care Western Union Telegraph Company at Jacksonville, Fla., the said sum of $300, which was paid by plaintiff to defendant at the time of the filing of the transmission application. Upon receipt of the notice of filing of the transmission application by plaintiff, this defendant paid said sum to the same person who filed with it at Jacksonville the telegram to plaintiff. The telegram from Jacksonville was not sent by Geo. Y. Malone or by his authority, and the party to whom the money was paid was not Geo. Y. Malone or any person authorized by him to receive it.

The complaint was in two counts, being the common counts for money had and received and for an account. To this complaint the defendant filed four pleas; the first being the general issue.

Plea 2 was as follows:

"(2) For further plea this defendant sayeth that the only business transaction which it had with the plaintiff herein involving three hundred dollars or any such sum on or about the 30th day of October, 1928, was the following:

"On said day and date, a man sent over the wires of the defendant company from Jacksonville, Florida, to the plaintiff at Dothan, Alabama, a telegraphic message in words and figures as follows, to wit:

" 'First National Bank, Dothan, Alabama. Wire three hundred dollars care Western Union now phoning to-night. (Signed) George Y. Malone.'

"That said message was duly delivered by the defendant to the plaintiff at Dothan, Alabama, on said day and date and later on the same day the plaintiff filed a money transmission application at Dothan, Alabama, in the sum of three hundred dollars, directing the defendant to pay to George Y. Malone, care of Western Union Telegraph Company at Jacksonville, Florida, the sum of three hundred dollars, and the defendant avers that on the same day, to-wit, October 30, 1928, defendant paid to the same person who had filed with it at Jacksonville, Florida, the telegram to the plaintiff requesting that said sum of three hundred dollars be transmitted to him at Jacksonville, Florida, the said sum of three hundred dollars. Wherefore, defendant says it is not liable in this suit."

Plea 3, after setting out the initial telegram set out in plea 2, is as follows: "That said message was duly delivered by the defendant to the plaintiff at Dothan, Alabama, on said day and date and later on the same day the plaintiff filed a money transmission application at Dothan, Alabama, in the sum of three hundred dollars, directing the defendant to pay to George Y. Malone, care of Western Union Telegraph Company, at Jacksonville, Florida, the sum of Three Hundred Dollars, and the defendant further avers that in and by said transmission application filed by plaintiff with defendant at Dothan, Alabama, the plaintiff agreed that positive evidence of personal identity was not required from the payee and the plaintiff authorized and directed the defendant to pay the sum named in said order at its risk to such person as its agents believed to be the payee named in said money application order. And defendant avers that on said day and date the agent of the defendant at Jacksonville, Florida, paid the sum named in said order to the same person who filed said telegram to the plaintiff with defendant at Jacksonville, Florida, on the same day, which person the said agent of defendant believed to be the payee named in said application. Wherefore, defendant says it is not liable in this suit."

As we see the issues, it will not be necessary to consider plea 4 further than to say that it adds nothing to plea 3.

█ There is much that might be said in support of appellant's contention as to plea 2, if the question was an open one in this state. As we see it, in the absence of an allegation of negligence on the part of defendant in receiving and transmitting the forged message, plea 2 meets the requirements of the rule as decided in Western Union Tel. Co. v. Meyer, 61 Ala. 158, 32 Am. Rep. 1, and followed by this court in Western Union Tel. Co. v. Kidd, 22 Ala. App. 597, 118 So. 228. See, also, 10 A. L. R. 828, note; 37 Cyc. 1660(2).

From the decisions which we have read on this subject, and which are collated in 10 A. L. R. 828 et seq., it would appear that the liability of a telegraph company growing out of the delivery of money to a person who had sent a telegram requesting the forwarding of money centers about the acceptance and forwarding of the forged telegram. If there appears nothing unusual or suspicious about the sender, and the money is returned in response to the message, without a demand for specific identification, a payment of the money to the sender is a complete discharge of the obligation of the telegraph company. The demurrers to the pleas were properly overruled.

To the pleas of defendant plaintiff filed five replications; the fifth replication embodies all of the questions necessary to a decision of this appeal. The fifth replication is as follows:

"That the following material facts, transactions and circumstances, and no other material facts, transactions and circumstances happened or occurred between plaintiff and defendant on or about the 30th day of October, 1928, with reference to the matters involved in this suit:.

"A man sent over the wire of defendant company from Jacksonville, Florida, a telegraphic message in words and figures as follows:

"'First National Bank, Dothan, Alabama. Wire three hundred dollars care Western Union now phoning to-night. (Signed) George Y. Malone.'

"The said message was not sent by George Y. Malone or anyone authorized by him to send it, and the said George Y. Malone knew nothing about said message.· That said message was duly delivered by the defendant to the plaintiff at Dothan, Alabama, on said date; and later, on the same day; the plaintiff filed a Western Union money order at Dothan, Alabama, with defendant in the sum of $300.00 and paid to defendant the said sum of money for transmission ·and payment to George Y. Malone, Jacksonville, Florida, and there is·attached to·this replication, marked exhibit 'A,' and made a part hereof, a substantial copy of said money order, and the same was transmitted by defendant for plaintiff and the said George Y. Malone to Jacksonville, Florida, the said sum of $300.00, and no part· of· it was ever paid by defendant to said George Y. Malone, or to any person for him, or·to any person at his request, or of his knowledge or consent, and therefore defendant breached its contract with plaintiff in failing to pay said George Y.·Malone said $300.-00 or returning·the same to plaintiff. The said· Western Union· money order was in blank when handed by defendant's agent at its place of business in Dothan, Alabama, to plaintiff's representative N. E. Wells, who, then and there filled the blanks in said money order as the same appears in handwriting in it as attached hereto, plaintiff's said agent being then .inexperienced and having no knowledge of .the rules and requirements of the defendant for making out or filling the blanks·in said money order, filled out the said blanks and signed the same as, where and when he was required to do so by defendant's said agent, then and there acting for defendant in the line and scope of her duty and employment as agent of defendant; plaintiff's said agent knew nothing of the contents of said money order and did not read it, but filled in the .blanks in same and signed it as and where defendant's said agent directed

him to fill in same, plaintiff's agent in filling in said.blanks in the said money order acted entirely under the direction and supervision of defendant's said agent then and there in giving said direction and supervision to fill in said blanks, was acting within the line and scope of her duty as the agent of defendant, who accepted for the defendant the said money order as filled out under her direction and then took it and the said $300.00 for transmission, making the statement to plaintiff's said agent and asking him, if he waived identification of the payee, and the plaintiff's said agent then and there said and told defendant's said agent, 'That is up to you.'

"There is a stipulation in said money order in the left hand corner at the bottom of said money order in words and figures as follows:

"'Positive evidence of personal identity is not to be required from the payee, and I authorize and direct the telegraph company to pay the sum named in this order at my risk to such person as its agent believes to be the above named payee, Unless the following is signed. Positive Personal Identification Required. I desire that the above named payee shall be required to produce evidence of personal identity before payment is made. Signature ————.

"That defendant's said agent directed and supervised the filling of the blanks in said money order and received and accepted the same from plaintiff's agent for transmission without calling his attention to said foregoing provision of said money order, and was told by plaintiff's agent that the matter of waiving identification of the payee of said order was up to her, the defendant waived said foregoing stipulation in said money order and can not now set up as a defense to this action by plaintiff the said foregoing clause with reference to personal identification of the payee as a part of the contract between plaintiff and defendant and claim the same as a defense to this suit, the same having been waived in the manner and form as set out hereinabove in this place."

To this replication and as a part thereof was attached as Exhibit A a copy of the transmission order, which will be adverted to as occasion may demand.

This replication is a statement in full of plaintiff's claims. It is based upon a contract between the parties, whereby defendant undertook to transmit for plaintiff and pay to George Y. Malone $300.

It is contended by appellant that this contract is one of bailment, wherein plaintiff is the bailor and defendant is bailee. While the transaction may partake of some of the elements of a bailment, it cannot be classed as such. Bailment presupposes a redelivery of the property deposited, while in the instant case no such redelivery was ever contemplated. 6 C. J. 1084. Such a bailment was recog-

nized under the civil law, and came under the class as "Mutuum," but at common law the transaction is classed as "Exchange." 6 C. J. 1099(15). When, therefore, the money was paid in accordance with the contract, the obligation of the defendant was at an end.

It appears from the facts alleged in special replication numbered 5 that in connection with money transfers the telegraph company offers two classes of service: (1) When identification of the payee is waived, the sender takes the risk upon himself that payment might be made improperly. (2) When the sender of the message wishes to protect himself and the payee against imposition by an unauthorized person, he can easily do so by requiring positive identification, in which case the risk of imposition is upon the telegraph company.

It is quite true that an impostor who is familiar with the business affairs of others may by such means wrongfully obtain the money of another, but the risk of dishonesty attaches to almost every kind of business enterprise. As stated in the Meyer Case, it is for the party on whom the demand for the money is made to ascertain for himself whether he who makes it is the person he professes to be. In the case at bar, the First National Bank of Dothan was in far better position than the defendant to know whether or not George Y. Malone was in Jacksonville on the day in question and whether he had any right to demand that the sum of $300 be sent to him.

The proposition advanced in plaintiff's replication that the ignorance of plaintiff's agent of the rules and regulations of the defendant and the act of the defendant's agent in directing plaintiff's agent how to fill out and sign the application for the money order constituted a waiver or estoppel on the part of the defendant to set up its regulation regarding waiver of identification is not well taken. It is only necessary to refer to the case of Western Union Telegraph Co. v. Prevatt, 149 Ala. 617, 43 So. 106, 108, where a Mrs. Cason, defendant's agent, wrote out a message for a person who could neither read nor write, and where the defendant relied upon the failure of the plaintiff to file his claim for damages within the stipulated time. In that case this court said:

"That Mrs. Cason in writing the message, notwithstanding she was the agent of the company, was acting for and on behalf of the sender, cannot well be denied. In the preparation of the message, she was acting as the agent of the sender. While she was the agent of the company to receive and forward messages, she was not such agent to write messages for others. When specially requested by the plaintiff to do this work for him, she was as such his agent, as if he had been a stranger to her. When one writes a message upon one of these blanks, or procures another as his agent to write it for him, and signs the same, or procures his agent to sign his name to it, without dissent, he will, in the absence of fraud be estopped from denying the binding force of such regulations on the message as to which we have referred, notwithstanding he did not read them. He will not be permitted to show that he did not read or understand the conditions contained in the printed regulations. Western Union Tel. Co. v. Edsall, 63 Tex. 668, citing Gray's Communications by Telegraph, 52, note 2; White v. Western Union Tel. Co. [C. C.] 14 F. 720, 722, notes 'n' and 'v.'"

In the absence of any allegation of negligence or bad faith on the part of this defendant, there can be no recovery under the contract set out in the pleadings. The demurrer to replication No. 5 was properly sustained.

The judgment is affirmed.

Affirmed.