## WESTERN UNION TELEGRAPH CO. v. COSBY.

### No. 13444.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1936.

Rehearing Denied Dec. 18, 1936.

Wm. H. Flippen and John W. Miller, both of Dallas, for plaintiff in error.

Fred S. Dudley and Clyde R. Davis, both of Fort Worth, for defendant in error.

BROWN, Justice.

Prior to July 3, 1934, E. R. Cosby, plaintiff below and defendant in error here, and J. M. Langlois, a Catholic priest of New Iberia, La., being good friends, had had a number of business dealings in oil ventures. The said Cosby would communicate with the said Langlois concerning some deal to be handled by Cosby and Langlois would furnish the money.

On or about July 3, 1934, some person, representing himself to be E. R. Cosby, called Langlois over the telephone, requesting him to send to Cosby, at Tyler, Tex., through The Western Union Telegraph Company, plaintiff in error, the sum of $400. Langlois believed that the person to whom he thus talked was E. R. Cosby, his friend of Fort Worth, Tex.

In keeping with this conversation, Langlois executed the regular Western Union money order contract. This contract, printed on forms furnished by the telegraph company, is such that the sender may require positive personal identification of the payee in the order, and may require

information for a test question for the purpose of identifying such payee, or the sender may waive these matters, in which event the contract reads as follows: "Positive evidence of personal identity is NOT to be required from the payee, and I authorize and direct the Telegraph Company to pay the sum named in this order at my risk to such person as its agent believes to be the above named payee, Unless the following is signed," the "following" being the request for positive personal identification.

Langlois sent the money under the contract, waiving personal identification of the payee.

It appears that an impostor called at the office of plaintiff in error, in Tyler, Tex. the paying office, and asked for the money.

It further appears that the real E. R. Cosby, the sender's personal friend, was not the author of the telephone conversation with Langlois and knew nothing of the transaction.

E. R. Cosby, the real person and actual friend of Langlois, brought suit in the county court at Law No. 1, Dallas county, Tex., against plaintiff in error to recover the sum of money involved, alleging that the money was sent to him by Langlois and was negligently paid by the plaintiff in error to an impostor.

The plaintiff in error answered, contending that Cosby has no interest in the subject matter and that, if a cause of action exists, same exists in favor of J. M. Langlois, the sender of the money, and contending further that, the sender having entered into a contract waiving positive identification of the payee, the plaintiff in error has discharged its duty and has exercised ordinary care in paying the money to the person whom it believed to be the rightful payee.

The case being tried to a jury, plaintiff in error requested a peremptory instruction in its behalf at the close of taking of evidence, which was refused, and the trial court submitted to the jury one issue, namely: "Special Issue No. 1. Do you find and believe from a preponderance of the evidence that Mrs. Gresham, defendant's agent and employee in Tyler, Texas, failed to use ordinary care on the occasion in question in paying out the money in question to the person who represented himself to be E. R. Cosby?" This was answered, "Yes."

On this verdict, the trial court rendered judgment for defendant in error, and the cause was appealed to the Court of Civil Appeals for the Dallas District and was transferred by the Supreme Court to this Court of Civil Appeals.

At the trial, the original Western Union money order, executed by Langlois, was introduced in evidence, and Langlois testified to the telephone conversation had by him with the person whom he believed to be E. R. Cosby, whom he knew, and with whom he had made investments in oil ventures; that he believed the person so talking to be the man he knew, E. R. Cosby, of Fort Worth, Tex.; that at such time he was not obligated and was not indebted to E. R. Cosby, of Fort Worth; and that he intended the money to be paid to E. R. Cosby, of Fort Worth, and to no other person.

Mrs. E. Gresham, an employee of plaintiff in error in the Tyler, Tex., office, testified that on July 3, 1934, the man representing himself to be E. R. Cosby called at plaintiff in error's office and asked if there were any money for him. She testified that she looked into her records and found that there was about $400 on hand for E. R. Cosby; that she asked the man who represented himself to be E. R. Cosby what amount of money was involved, and that he gave the exact amount specified in the money order; that she then asked him where the money was coming from, and he answered, from New Iberia, La.; that she then asked him from whom the money was expected, and he answered, J. M. Langlois; that the man also exhibited to her what is known as a "collect card," which appeared to be issued to E. R. Cosby by the Postal Telegraph Company. She further testified that, because of the size of the amount involved, she informed this man that she would have to wire the sender of the money and obtain a test question before she could pay it over; that after she had given the man this information he did not appear to become nervous, but acted in a perfectly normal manner, and stated to her that such procedure on her part was satisfactory to him, and that he would wait in the office until she obtained a reply from New Iberia; that she immediately requested the New Iberia agent to obtain a test question from the sender; that in a few minutes she was advised by such office that the sender was a Catholic priest and to ask the man call-

ing for the money if he knew in what business J. M. Langlois was engaged; that she then asked the man such question and he answered that the sender's profession was that of a Catholic priest; that at that time she believed the man to be the payee in the money order and she prepared a check at such time, payable to the order of E. R. Cosby in the sum of $397.58; that the man told her he would prefer to have the money rather than a check, and, it being convenient to pay him in cash, she did so, upon the man indorsing his name on the check.

The real E. R. Cosby testified that he was acquainted with Father J. M. Langlois of New Iberia, La., and that they had made investments together; that he did not call Langlois over the telephone concerning any money at the time in question; and that he did not request any one else to do so; that he has never received any of the money from plaintiff in error. He further testified that the signature, "E. R. Cosby," made by the impostor, "is a good imitation of my signature."

Under the record as presented to us, we believe there was no issue of fact to be submitted to the jury. The sender having waived positive identification of the payee, and plaintiff in error's agent having used the extra precaution which her testimony conclusively shows she did use to identify the payee, plaintiff in error has fully discharged its duty, and the record fully discloses that plaintiff in error exercised ordinary care in paying the money to the person who received it. There is no evidence in the record tending to show that the person to whom the money was actually paid was not in truth and in fact named E. R. Cosby.

We believe the following cases are fairly in point and support the conclusions reached by us: Gilliam v. Western Union Tel. Co., 27 Ga.App. 383, 108 S.E. 553; First National Bank of Dothan v. Western Union Tel. Co., 25 Ala.App. 108, 142 So. 99, writ refused, 225 Ala. 38, 142 So. 102; Western Union Tel. Co. v. American State Bank of Burkburnett (Tex.Civ.App.) 277 S.W. 226; Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230, 46 A. 420, 50 L.R.A. 75, 79 Am.St.Rep. 717, in which the principle is laid down that, where two innocent parties have been deceived, the loss must be borne by the one who primarily made such loss possible.

There is a serious question in our minds whether, under the circumstances found in this record, the so-called bona fide E. R. Cosby could bring this suit. There was no contract between the sender of the money and this E. R. Cosby. He neither asked for nor expected the money, and same was sent by mistake to another person. Furthermore, it appears from the record that the money was sent for the purpose of having the payee invest the money for the sender, and, while possession of the money was thus to be transferred, it appears to us that the title never at any time changed. However, we do not find it necessary, under the record, to pass upon this question.

The judgment of the trial court is reversed, and judgment is here rendered for plaintiff in error.