**VANCE et al. v. BATTERTON et al.**

No. 11695.

Court of Civil Appeals of Texas. Galveston.

April 12, 1945.

Rehearing Denied May 2, 1945.

W. B. Lewis, of Houston, for appellants.

Hay, Kirk & Baggett, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 127th District Court of Harris County, entered in part in response to a jury's verdict on special issues submitted, and in part upon a finding and opinion of the court itself, to the same purport as the jury's verdict, cancelling and rescinding the previous sale of $2000 of the rooming-house business and furniture at 2220 Brazos Street, in the City of Houston, by appellants to the appellees, and ordering the respective parties put back into the same positions they had occupied toward each other before such transaction between them, including the restitution of the $2000 consideration to the appellees, and the return to appellants of such furniture, together with a right in them to re-occupy such premises as against any claims of the appellees.

As points for reversal, the appellants present ten in numerical order, but, in their discussion, these are thus classified into groups:

(1) Points 1, 2, 3, 4, 5, and 8—from different viewpoints—converge into the contention that the finding by the jury to the effect that the appellants, prior to the payment to them by appellees of the $2000 consideration, or any part thereof, had represented to the appellees that the house and lot where the furniture was located "was not then for sale" by its owner, the Second National Bank of Houston, was not supported by either proper pleading or proof;

That the attempted allegation of a legal fraud in effect amounted only to the statement of an opinion upon a fact that was well known and open to both such parties at the time;

Nor was it bottomed upon sufficient evidence to sustain it, since appellee, Walter W. Batterton, testified he was informed by appellant, Mrs. Ethel Vance, that such property was then rented by her landlord—the Second National Bank—on a monthly basis of $80 per month, from which he knew, or should have known, as a matter of law, that he could not get possession of the house lawfully "without the written consent of the Second National Bank", which he admitted he failed to do;

That, therefore, such finding of the jury was further so against the great preponderance of the evidence that no reasonable person could believe the same to be true.

(2) Under Points 6 and 7 it is insisted that appellees admitted on the trial that they had not only sought but had made an independent investigation of all the facts underlying and in advance of the transaction, by calling such Bank at least five times; that they, therefore, were then informed that the Bank was renting the property to appellants on a monthly basis of $80 per month, with no lease, hence they were charged with knowledge that, as a matter of law, the Bank might either sell it at any time or take possession of it unless the appellees secured its consent in writing not to do so, which they failed to do.

(3) Point 9 is a repetition of the plea that there was no evidence at the close of appellees' testimony which could have supported the judgment, hence appellants' motion for peremptory instruction in their favor at that stage should have been granted.

(4) Point 10 challenges the refusal of a new trial below on account of alleged newly discovered evidence contradictory of the testimony of the appellees' witness, Richards, to the effect that he had advertised the property involved for sale in June or July of 1944, to the knowledge of Mrs. Vance at that time, which was shown to

have been a complete mistake, in that appellants had discovered after such trial, "the conversation if made at all was made at the time as Mrs. Vance testified, when he had written a letter to Mrs. Vance, dated September 12, 1944."

None of these presentments, it is determined, should be sustained.

■ In the first place, it appears from the record that none of the objections of appellants to the pleadings of the appellees, declaring upon the fraudulent representation the jury so found to be true, were made until after this cause had been submitted to the jury; they were therefore waived. Rules of Civil Procedure, rule 90; Shotwell v. Phillips, Tex.Civ.App., 180 S.W.2d 223.

■ In so far as concerns the challenge of the sufficiency of the evidence underlying the jury's findings, or any part of them, after an examination of the statement of facts, this court fails to find any lack of support for any one of them.

The court only submitted seven inquiries, as expressive of what it determined to be the controlling issues of fact raised by both the pleadings and evidence—and neither party objected to any of them upon any ground, nor did either request any other issues—the whole seven, in epitome, being to this effect:

Prior to the passage of any part of the money between them, did the appellants represent to appellees that the property (the house and lot on which the rooming-house furniture was located) was not for sale; did the appellees believe that representation to be true; did they rely upon it; would they have purchased the furniture, if they had known that the property upon which it was located was then for sale; did appellees undertake to make an independent investigation as to the condition of the rents before they so agreed to buy the furniture and rooming-house business; did they so undertake to make such an investigation as to whether such property was then for sale; and, finally, were the means for information before the deal equally open to both parties as to the question about the rents and the sale of the property itself.

The jury's verdict answered all these inquiries in appellees' favor—that is, to the effect that appellants had made the inquired-about representation as a fact to the appellees; that the latter did not have in-

dependent knowledge that such condition was untrue, nor did they make an independent investigation thereof beforehand; that they relied upon appellants' statements, would not otherwise have purchased the property, and that, afterwards, they found them to be untrue, on being notified by the Bank that it would take possession of the whole property on October 1st of that year.

Indeed, the evidence was amply sufficient to have supported a finding that the house and lot was known by the appellants to have been sold, prior to the time they had delivered their bill of sale of the furniture therein to the appellees, as well as on the occasion when the appellees had paid them the balance of the $2000 cash consideration for the purchase of it.

Appellants seem to have depended strongly upon their claim that the appellee, Walter W. Batterton, made an independent investigation about prior conditions affecting the status of the property, and whether or not it was for sale; but the jury's adverse finding on that issue, as recited, on what this court deems to have been sufficient evidence, forecloses that matter also against it.

It is true that he was shown to have made between three and five attempts from the shipyards to call some one by telephone at the Second National Bank over this matter; but it likewise developed that he succeeded in none of them, never having so gotten any material condition about the property in advance, and that he did, in fact, to the knowledge of Mrs. Vance, rely and act upon her statement to him alone, that the house and lot were not then for sale.

This state of facts makes out a stronger case for rescission of such a sale than was sustained by the Dallas Court of Civil Appeals in Blaine v. Lowery, 157 S.W.2d 713.

Further, in the case of Tips v. Barneburg, Tex.Civ.App., 11 S.W.2d 187, writ of error refused, it was held that such an investigation claim must be complete, and not an elusive one only, as that here relied upon was shown to have been, in order to constitute a defense against a positive misrepresentation of fact.

■ Appellants' 10th point presents nothing for review here; there is no showing of just what the claimed newly-discovered evidence was, none either as to why it was not available on the trial, or whether any diligence to procure it had been exer-

cised; nor was it shown not to have been merely cumulative of what had been then offered. But it did appear, on its fact, to have at most only tended to impeach or contradict the appellees' witness, hence was not receivable.

Wherefore, no abuse of the court's discretion is made to appear. 29 Texas Digest, New Trial, paragraphs 99 to 105, both inclusive, and cited authorities.

It is deemed unnecessary to discuss the cases cited and relied upon by appellants, since they seem on their facts to be differentiated from this one. The judgment will be affirmed.

Affirmed.