**SNOW v. AUTO LOAN CO., Inc.**

No. 12566.

Court of Civil Appeals of Texas.
Galveston.

June 4, 1953.

H. A. Crawford, of Houston, for appellant.

Cole, Patterson, Cole & McDaniel and Jesse W. McDaniel, Houston, for appellee Auto Loan Co., Inc.

CODY, Justice.

In this suit the administrator of the Estate of Stanley J. Wells, deceased, H. A. Hull, brought suit to recover the value of a 1941 Cadillac automobile from the Auto Loan Company, alleging that the Loan Company had converted same about November 23, 1948, through its agent, Tony Tomasello, at Salinas, California. The Loan Company answered, among other things, that, long before the conversion of said automobile by Tomasello, if he did convert it to his use, the Loan Company had vested the complete title thereto in the plaintiff, and had instructed Tomasello to turn the automobile over to plaintiff, and that plaintiff was fully advised of the claim that Tomasello was asserting against the automobile, and that the Loan Company was unable to recover the automobile because it had no title thereto or right of

possession, and that plaintiff by permitting Tomasello to take over said automobile was estopped to assert any claim against the Loan Company. The Loan Company also brought a cross-action against the administrator, and a third party cross-action against B. C. Snow, d/b/a Texas Auto Detective Bureau to recover over against the said Snow any judgment that the administrator might recover against it, the Loan Company alleging in that connection that practically the only property that belonged to the Estate of Stanley J. Wells consisted of the Cadillac automobile, and that the administrator had allowed, and the court had approved a claim of the Loan Company against the estate for the unpaid balance of $720 as due the Loan Company on a note of the deceased, secured by a chattel mortgage on the Cadillac. The Loan Company further alleged in its cross-action that it had engaged the services of the said Snow, acting as an independent contractor, to peacefully repossess the Cadillac automobile, who in turn engaged the aforesaid Tony Tomasello, of California as his agent, to repossess the automobile, and Snow thereby became liable for the acts of Tomasello, and that the possession of said automobile by Tomasello was, in law, the possession of Snow, and the conversion thereof by Tomasello was in law, a conversion by Snow.—We deem it unnecessary to state the answers of the administrator and of Snow to the cross-action.

The court trying the case without a jury found that the administrator was entitled to recover judgment against the Loan Company for the value of the Cadillac in the sum of $1,495, against which the Loan Company was entitled to offset $720, and that on the net recovery of $775, the administrator was entitled to recover interest from November 22nd, 1948, at the rate of six per cent. per annum, and judgment was rendered accordingly. The court further awarded judgment against B. C. Snow, "for One Thousand Four Hundred Ninety-five and no/100 ($1,495.00) Dollars, together with interest thereon from November 22, 1948 * * *." 

There was apparently but little dispute as to the facts. Stanley J. Wells on November 26, 1947, executed his note to the Loan Company for $1,575, secured by a chattel mortgage on the Cadillac. He died on August 13, 1948, at which time, appellant Snow asserts and appellee Loan Company does not deny, there remained unpaid upon the note, and which was not in default, the sum of $595.00. It is not made clear by the parties how the Loan Company came into possession of the automobile. But in any case the Company undertook to turn it over to Mrs. Honor F. Orem, the former wife of the deceased Wells, when she gave therefor her check in the amount of the balance of the unpaid note. And with the consent of the Loan Company she took the automobile with her to California. But Mrs. Orem stopped payment on her check.

Then, on November 4, 1948, the Loan Company delivered to appellant Snow the certificate of title to the car, and requested him either to "collect our balance, plus his charge, or fee, or whatever he calls it, and store our automobile for us." Thereafter Snow had his correspondent at Salinas, California, the said Tomasello, take possession of the automobile from Mrs. Orem, which he did on November 22, 1948. We infer, though it is not definitely so stated in the brief of either party, that Tomasello held, as hostage (if we may so term what seems to have been an unlawful transaction), the automobile to force Snow to pay his charges which he claimed Snow owed him in connection with other transactions.

On November 18, H. A. Hull qualified as administrator of the estate of Stanley J. Wells in the Probate Court of Tarrant County. It was on December 31, 1948, that the administrator allowed and thereafter the court approved the Loan Company's claim for $720; and the Loan Company surrendered the certificate of title to the Cadillac and released its lien to the estate on January 26, 1949, as indicated above.

■ Appellant Snow predicates his appeal upon eight formal points. The first, fourth, fifth and sixth points complain of

alleged insufficiency of pleadings. No complaint was raised with respect to the pleadings until appellant filed his motion for new trial, which, incidentally, was filed by a different attorney from the one who represented appellant upon the trial. Since appellant makes no contention that any defect in the pleading "either of form or substance" was specifically pointed out by motion or writing and brought to the attention of the judge in the trial court before the rendition of the judgment in this non-jury case, appellant must be deemed to have waived same, if the pleadings were in fact defective. Texas Rules of Civil Procedure, Rule 90.

Appellant's second point is to the effect that appellee alleged that it had the right of possession to the automobile "but proof did not substantiate the pleading."

We overrule the point. From the moment that the Loan Company, without any right, turned over the automobile to Mrs. Orem, the representative of Stanley J. Wells, deceased, was entitled to treat the Loan Company as having converted it to its own use, and having the title thereto vested in it by such representative. See American Surety Co. of New York v. Hill County, Tex.Com.App., 267 S.W. 265; France v. Gibson, Tex.Civ.App., 101 S.W. 536; Terry v. Witherspoon, Tex.Civ.App., 255 S.W. 471. The alternative remedies which the representative of the estate of Wells had against the Loan Company also vested it with the right to recover the automobile for the account of said estate.

By its third point appellant charges that the allegation and proof as to the time of the conversion are at fatal variance and presents fundamental error because the allegation of the time of conversion was placed at November 1, 1948, whereas the proof showed that the conversion occurred on November 20th or 22nd, 1948. Appellant fails to indicate that the slight variance between the allegations and the proof occasioned him any surprise or that he objected to admission of the evidence that the conversion took place on November 20th or November 22nd, 1948. We overrule appellant's third point. Kent v. National

Supply Company of Texas, Tex.Civ.App., 36 S.W.2d 811, writ refused.

Appellant's seventh point reads: "The Appellee permitted Mrs. Honor F. Orem to take the car to California, also authorized B. C. Snow to pick up the car, all after knowing of the death of Stanley J. Wells, which placed the Estate of Mr. Wells in the hands of his heirs or administrator."

Under this point appellant urges that appellant should not be held liable for the delinquency of Tomasello under the rule that where one of two persons equally entitled to consideration as far as their purposes are concerned must suffer from a delinquency of a third person, the loss must properly fall upon him who made such practice of fraud possible, relying on such cases as Southwestern Investment Co. v. Erwin, Tex.Civ.App., 213 S.W.2d 81, 84; Parma v. First National Bank, Tex.Com.App., 63 S.W.2d 692; Gillette v. Houston Nat'l Bank, Tex.Civ.App., 139 S.W.2d 646. Under the facts of this case such invoked rule has no application.—It is quite evident that the trial court tried the case on the theory that Tomasello was the agent of appellant, which he no doubt was. But appellant has not presented that, and we have not considered whether, the conversion by Tomasello was such an act of an agent under all the facts for which the principal can here be held legally liable. We overrule the seventh point.

In its eighth point appellant complains that he was not properly represented at the trial by his then attorney. Without in any way implying that appellant is right in such charge, we note appellant makes no contention that the other parties to the suit were in any way responsible for the manner in which appellant's attorney represented him at the trial. We overrule such contention.

Appellant in connection with one of his points, directed against what he presents as a deficiency in the Loan Company's pleading, complains of the amount of the judgment which was rendered against him, which was for the full sum of $1,495. The pleadings of the Loan Company are somewhat ambiguous in that in one place it

asks for judgment over against appellant for any sums awarded the administrator against it. On the other hand, the Loan Company plead that the only property owned by the estate consisted of the automobile, and sought the judgment which was actually rendered in its favor. There is certainly nothing ambiguous about the judgment which was rendered against appellant. It should be reduced to the amount of the net recovery had by the administrator against the Loan Company, which is $775 with interest thereon from November 22, 1948, at the rate of Six per cent. per annum. Unless the Loan Company files a remittitur to so reduce the amount of its judgment against appellant within fifteen days, the judgment as between said Company and appellant will be reversed, and the cause as between said parties remanded.

Motion for Rehearing.

We were in error in our ruling upon original hearing to the effect that the amount of damages adjudged to the Loan Company over against appellant was excessive. We accordingly grant the Loan Company's motion for rehearing, and strike the last paragraph from our original opinion wherein a remittitur was ordered filed by the Loan Company, and now affirm the judgment in all things as rendered by the trial court.

Motion for rehearing granted, former order requiring remittitur set aside, and trial court judgment affirmed, MONTEITH, C. J., not sitting.