Lester HUMPHREY, Appellant,

v.

M. V. SHOWALTER et al., Appellees.

No. 3191.

Court of Civil Appeals of Texas.

Eastland.

Oct. 7, 1955.

Rehearing Denied Oct. 28, 1955.

Eplen & Daniel, Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

COLLINGS, Justice.

R. L. Showalter and his father, M. V. Showalter, brought this suit against Lester Humphrey. It was alleged that the Showalters sold their pest control business to Humphrey and in connection with the sale the parties entered into a written contract dated May 1, 1953, whereby Humphrey agreed to employ R. L. Showalter in such business for a period of five years and to pay him a minimum salary of $275 per month for 15 days work during each month, plus $20 per day for any time in excess of 15 days per month; that Humphrey agreed to pay M. V. Showalter the sum of $75 per month during such period in consideration of M. V. Showalter's agreement not to compete with him in the pest control business; that Humphrey further agreed to pay·M. V. Showalter a commission of 10% on all jobs which he secured for the business. A copy of the alleged contract was attached to the plaintiffs' petition as exhibit A. Plaintiffs alleged they had complied with their obligations under the contract but that Humphrey had for some time failed and refused to pay the salary due R. L. Showalter as provided by the contract and the payments and commissions due M. V. Showalter thereunder. The Showalters brought this suit to establish and recover amounts claimed to be due them under the contract. The case was tried before a jury and after the verdict was received the court overruled Humphrey's motion for judgment non obstante veredicto and entered judgment for plaintiff, M. V. Showalter, for the sum of $185 as the amount due him through the month of November, 1954, under the $75 per month provision of the contract and directed Humphrey to pay M. V. Showalter $75 per month for each remaining month of the five-year period of the contract until and including April 1, 1958, when the last payment under the contract would be due and payable. The court entered judgment in favor of R. L. Showalter for $1,655 representing salary due and unpaid through the month of November, 1954. Lester Humphrey has appealed.

In several points appellant Humphrey urges that the pleadings, evidence and findings of the jury are each and all insufficient to support the judgment in favor of either R. L. Showalter or M. V. Showalter. Appellant contends that the pleadings are insufficient in that the Showalters failed to allege (1) "any breach of contract" by appellant, or (2) any "theory of law or election of remedies" upon which they sued, or (3) "any basis for the damages claimed."

Appellees alleged the existence of the written contract which they sued upon, which was attached as an exhibit to their petition. Under the terms of the contract appellant Humphrey agreed to pay appellees certain salary and monthly payments for a period of five years in consideration of stated services and obligations to be performed by appellees, among which was that neither would, during the period, compete with Humphrey in the pest control business. Appellees alleged that they had complied with their obligations under the contract. They alleged and specified the number of days that R. L. Showalter had worked during each month of the contract period prior to the institution of this suit and alleged that he had at all times been ready and willing to perform the services required of him. They alleged that appellant Humphrey had made certain payments to R. L. Showalter and to M. V. Showalter, but that he had failed to pay all of the salary and other payments provided by the contract. Appellees sought judgment against appellant for the amount which they alleged to be due under the

contract. Under the above allegations the amounts claimed to be due was the difference between the amounts provided in the contract to be paid to the Showalters and the amounts which they alleged that Humphrey had actually paid them. In our opinion, appellees' petition stated a cause of action against appellant for the amounts alleged to be due under the contract in the way of salary and other payments. The pleading was sufficient to support the judgment therefor.

■■ The Showalters also prayed that Humphrey "be required to pay each and every month the sum of $275 or agree to fix the value of the judgment at this time and pay it in toto, all of which the court has authority to do in fixing the amount of anticipatory damages." This portion of the pleading, as pointed out in appellant's brief, was objectionable in that it sought to recover anticipatory damages for a breach of the contract, together with amounts due under the terms of the contract up until the time of the trial. Appellees were not entitled to recover such damages in a suit to enforce the contract, nor in any event to recover both types of damages. Points urging this defect of the pleading are not well taken, however, because they were not timely presented to the court and were waived. Appellant's first complaint as to the sufficiency of the pleadings was after the court's charge to the jury and after rendition of the judgment. By assignment of error in a motion for a new trial, this defect in the pleadings was first brought to the court's attention. Rule 90, Texas Rules of Civil Procedure; Texas Employers' Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 185 S.W.2d 749 (NRE); Burlington-Rock Island R. Co. v. Newsom, Tex.Civ.App., 219 S.W.2d 129; Snow v. Auto Loan Co., Tex.Civ.App., 259 S.W.2d 340; Vance v. Batterton, Tex.Civ. App., 187 S.W.2d 247.

Appellant contends that the Showalters have confused their remedies; that they have sought and obtained judgment based in part on one theory and measure of damages and based in part on another theory; that the money judgment in appellees' favor is based upon a measure of damages upon which appellees are not entitled to recover and is not the proper measure of damages under the theory upon which appellees base their judgment and the facts as shown by the evidence. Appellant contends that the judgment for the Showalters is not supported by the evidence and by the jury findings. In this connection, appellant contends, in effect, that the evidence and findings do not support the judgment in favor of appellees for salary and payments due under the contract in that the evidence shows that appellee R. L. Showalter himself violated the terms of the contract by competing with appellant Humphrey in the pest control business. It is urged that R. L. Showalter's obligation under the contract not to compete with Humphrey was a material part of the consideration for the contract and was indivisible from the other obligations and rights of the parties therein; that under the circumstances no recovery can be had for any amounts claimed to be due appellees under and by virtue of the contract.

The evidence shows that Humphrey, about the first part of July, 1954, renounced the contract and declared his intention not to perform or be further bound by it, and that at all times thereafter has refused to comply with and abide by the contract. The evidence further conclusively shows that soon after Humphrey's repudiation of the contract, R. L. Showalter began to compete with Humphrey in the pest control business, although the evidence does not show exactly when this competition began.

■ The general rule is that when one party to a contract has repudiated, as above indicated, the other party may rescind and consider the contract at an end or may treat such conduct as a breach of the contract and bring action for damages, or he may treat the repudiation or notice of intended breach as inoperative and await

the time when the contract is to be performed and then hold the other party responsible for all the consequences of non-performance. Appellees do not attempt to rescind the contract. The rule concerning the measure of damages in a suit on the contract and the measure of damages in a suit for breach is stated in 10 Tex.Jur. 451, 452, as follows:

"The party not in default * * * may treat the repudiation as a wrongful putting an end to or breach of the contract and at once bring an action for damages as for a breach, or, * * * he may refuse to accept the renunciation or repudiation and hold the contract open until the time for performance arrives and then hold the other party responsible for all the consequences of non performance. The innocent party may take his choice between keeping the contract open or suing at once for damages, but can neither confuse these two courses nor have both. * * * If he accepts the renunciation as terminating the agreement and as relieving him from further performance, he may not afterwards sue on the contract; his action should be for damages for a breach."

Also, in 10 Tex.Jur., page 455, it is stated:

"If the party not in default elects to keep the contract open, he keeps it open for the benefit of the opposite party as well as for his own, and remains subject to all of his own obligations and liabilities under it; * * *."

See also Pollack v. Pollack, Tex.Com. App., 39 S.W.2d 853; Wellington Railroad Committee v. Crawford, Tex.Com.App., 216 S.W. 151; Vise v. Foster, Tex.Civ. App., 247 S.W.2d 274; 17 C.J.S., Contracts, § 472, pp. 973–975.

■ Appellees were entitled to recover on the contract for any unpaid salary and payments which accrued under the contract prior to the repudiation of the contract by appellant Humphrey on or about the first of July, 1954. The evidence discloses the amount of such unpaid salary due R. L. Showalter to be $280. The judgment for R. L. Showalter, insofar as it covers this amount, was correct. None of the money judgment for M. V. Showalter was for payments accruing on or before July 1, 1954, but were for payments found to have accrued after that date.

Upon the repudiation of the contract by Humphrey, appellees had an election of remedies as heretofore indicated. One of the remedies which they were entitled to choose was to continue the enforcement of the contract. This remedy, however, was not available after R. L. Showalter's breach of the provision forbidding competition with appellant. It is a well-established general rule that one who has broken a contract cannot recover on it. That portion of the judgment for appellees, R. L. Showalter and M. V. Showalter, for salary and payments found to be due under the contract after the repudiation by Humphrey cannot be upheld. Neither were appellees entitled, after appellant's repudiation, to confuse their remedies by thereafter enforcing the contract in part and by in part recovering damages for breach.

■ That portion of the judgment directing Humphrey to pay $75 per month to M. V. Showalter for the remaining months of the five-year period ending April 1, 1958, likewise cannot stand. This portion of the judgment purports to enforce the contract in the future. In the first place, neither appellee was entitled to enforce the contract after the breach by R. L. Showalter. It furthermore requires Humphrey to make future payments provided by the contract as they accrue and become payable according to the terms of the contract without regard to his right to have appellees thereafter perform their obligations under the contract. The contract was indivisible and M. V. Showalter was not entitled to recover on the contract for the full five-year term unless both he and R. L. Showalter substantially perform-

ed the obligations required of them under the contract.

The judgment for R. L. Showalter for $280 representing unpaid salary which accrued prior to Humphrey's repudiation of the contract is affirmed. For the reasons stated, the judgment is in all other respects reversed and remanded.