**Chas. M. CAIN, Appellant,**

v.

**Salvatore FONTANA, d/b/a Fontana's Cafe, Appellee.**

**No. 14639.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 13, 1967.

Rehearing Denied Jan. 17, 1968.

**136**

Pepos S. Dounson, San Antonio, for appellant.

Tom Joseph, Joseph Chacon, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

Action by Salvatore Fontana, d/b/a Fontana's Cafe, against Chas. M. Cain for malicious trespass on realty and damages for restoration, loss of profits and exemplary damages. The parties will be herein referred to as designated in the trial court. Trial was to a jury.

The special issues submitted were answered substantially as follows: (1) Defendant caused debris to be placed on property belonging to plaintiff. (2) Plaintiff sustained a loss of business as a result of the debris being placed on his property, and (3) that $250.00 would reasonably compensate plaintiff for such loss of business. (4) The sum of $125.00 would reasonably compensate plaintiff for his expense in having such debris removed. (5) The surface of the parking area of plaintiff's cafe was damaged as a proximate result of the removal of the debris, and (6) that the sum of $150.00 would reasonably compensate plaintiff for his expense in resurfacing such property. (7) Defendant was activated by malice in causing the debris to be placed upon such premises. (8) Plaintiff should be allowed the sum of $1,000.00 as exemplary damages. A remittitur of $50.00 was made by plaintiff in connection with the jury's award of $150.00 for restoration of the surface. Judgment was entered for plaintiff in the amount of $475.00 actual damages, and $1,000.00 exemplary damages.

Plaintiff was the owner and operator of a cafe, known as Fontana's Cafe, located on Broadway in San Antonio, Texas. The evidence shows that the principal parking area of such business was to the rear of his cafe. During the month of May, 1966, defendant caused large dump trucks loaded with concrete blocks, debris and other junk which was being removed from a building in San Antonio not owned by defendant, to be dumped on such parking area to the rear of plaintiff's cafe, which concrete blocks and debris remained on said premises until removed by plaintiff about June 1, 1966. The testimony further shows that the rock and debris were so placed as to make a large portion of such parking area inaccessible.

Defendant asserts that the trial court erred in admitting into evidence

three deeds of conveyance into Salvatore Fontana pertaining to the property, and in allowing the custodian of deeds and record books of the Bexar County Clerk's Office to testify as to the contents of such deeds, over defendant's objection that there was no proof of execution or authentication of such deeds, and that the requirements of Articles 3726 and 3726b, Vernon's Ann. Civ.St., as to the giving of three days notice had not been complied with; that such custodian of deeds was not testifying from personal knowledge; and that such testimony was in violation of the best evidence rule. Plaintiff alleged that he was the owner of the property involved, and testified that at and before the alleged trespass he was in possession of such premises. This is not a suit in trespass to try title, but is a tort action for actual and exemplary damages for malicious trespass. The action for trespass is designed to protect the interest in exclusive possession of the land involved in its intact physical condition, and any person in actual and exclusive possession of the property may maintain such action. Prosser, Law of Torts, Intentional Interference with Property, p. 68. Further, it is well settled in Texas that the party in possession of land is considered to be the owner until the contrary is proved, and that his possession imports that he holds a title thereto. Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152 (1937); State v. Lain, 339 S.W.2d 272 (Tex.Civ. App.—Waco, 1960, affirmed 162 Tex. 549, 349 S.W.2d 579, 1961). The error of the court, if any, in admitting such deeds into evidence and allowing the custodian of deeds to testify as to their contents was harmless.

Defendant also maintains that the trial court erred in refusing to set aside and disregard the jury's answers pertaining to loss of business as a result of such debris, on the grounds that there was no evidence, insufficient evidence, and that such answers could only be based on conjecture, prejudice, or bias. Plaintiff's bookkeeper testified he had been doing plaintiff's accounting for several years, and that according to his compilations plaintiff's business had a net profit of $533.31 in January, 1966, a net profit of $565.17 in February, 1966, a loss of $188.95 in April, 1966, a loss of $441.57 in May, 1966 (the month of the trespass), a loss of $78.80 in June, 1966, and a loss of $307.59 in July, 1966. He did not testify as to the net profits in March, 1966. He further testified that, according to his compilations, plaintiff's gross income for the months of January, February, March, April, June and July of 1966 were approximately $2,000.00 a month, and that in May (the month of the trespass) his gross income was $806.65. There was testimony by plaintiff that he lost business in May after the debris was placed on the property. Defendant contends that since the testimony of such accountant shows that plaintiff had a loss for the month immediately preceding the trespass and for the two months after the trespass that such business was a losing business and plaintiff could not be entitled to damages for loss of profits, and further contends that the amount of any loss was not shown with reasonable certainty and there was not sufficient data to compute probable losses. The record discloses that plaintiff had maintained such business for a number of years and such business was an established and going business. A loss occasioned by an interference with one's business from the actionable conduct of another is a proper element of damages, and profits lost as a result of such interference are properly recoverable in a tort action. In such an action, while it is necessary that the damages be shown with reasonable certainty, pre-existing profits, together with other facts and circumstances, may be considered in arriving at a just estimate of the amount of profits lost. Southwest Battery Corp. v. Owen, 131 Tex. 423, 115 S.W.2d 1097 (1938); Belcher v. Bullion, 121 S.W. 2d 483 (Tex.Civ.App.—Austin 1938, no

writ); 17 Tex.Jur.2d, Damages §§ 147, 149 (1960). Under the facts of this case it cannot be said, as a matter of law, that plaintiff is not entitled to a recovery for loss of business, and the jury's finding of $250.00 damages is sufficiently supported by the evidence.

■ Defendant also contends that the trial court erred in refusing to set aside and disregard the jury's answer pertaining to damages to the surface of the parking area, asserting that such damage to the surface was caused by an independent contractor, McLeod, who was employed by plaintiff to move off the debris, and defendant is not responsible for such damage. McLeod testified that in order to move off such massive rocks and other debris placed on the premises by defendant it was necessary to use large equipment, including a winch-truck and front-end loader, and further testified that it was not possible to remove such rocks and debris without damaging the surface. When asked what would be a fair and reasonable cost for restoring such property back to its original condition, he stated that he wouldn't mess with it for less than about $100.00, and that he couldn't move the necessary equipment over there for less than that amount. In the case of temporary damage to realty the cost of restoring the property to its former condition is recoverable. City of Abilene v. Walker, 309 S.W.2d 494 (Tex. Civ.App.—Eastland 1958, no writ); 17 Tex.Jur.2d, Damages § 69. See also Hillman v. Baumbach, 21 Tex. 203 (1858); Prosser, Law of Torts, Trespass to Land, p. 67. Defendant's Point of Error No. Five is overruled.

Defendant also asserts that the trial court erred in submitting Special Issues Nos. 7 and 8, dealing with the issue of malice and exemplary damages, and in denying defendant's motion to set aside and disregard the jury's answers to such questions, because there was no evidence of malice, insufficient evidence, and the jury's findings are against the overwhelming weight of the evidence.

■ Exemplary damages are recoverable if the injury complained of results from a wrong accompanied by aggravating circumstances of malice, fraud, or gross negligence. Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709 (1943). Our Supreme Court in Ware v. Paxton, 359 S.W.2d 897, in setting forth certain guideposts in connection with exemplary damages, reapproved the following rule:

"The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wanton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful."

The Court went on to say that "Definitions of malice and the grounds for exemplary damages are necessarily general and do not provide precise limits for the decision of cases."

■ We have carefully reviewed the evidence in the case before us to determine whether defendant's conduct and acts were extreme enough to be considered malicious, wanton and indicating a reckless disregard of their injurious consequences to others. Defendant maintains that his acts were not malicious, and exemplary damages are not recoverable because he was acting under a good faith belief that the property where the rocks and debris were placed was his. It appears from the record that defendant owned some property in the immediate vicinity of the parking area where the debris was placed, although the exact location of such property is not disclosed. Defendant did not testify at the trial, and the only evidence as to his

supposed belief that he owned the property was from other persons to whom he had made such assertions. One of the truck drivers who dumped some of the debris on the affected parking area testified that defendant told him that other people were using his property and he wanted to block people using his property. There was testimony of other witnesses that defendant stated he was dumping the rock and debris on his own property. The jury, after hearing such testimony and the other testimony as to defendant's acts and conduct in connection with such property, could choose to disbelieve defendant's statements to others as to his belief as to the ownership of such property, or could infer that such statements were made for the purpose of establishing an alibi for his acts. The testimony shows clearly that defendant's purpose and intent in dumping such massive rocks on the parking area was to prevent people from coming into that area and to hinder or prohibit parking on such area. One truck driver testified that defendant instructed him to dump his load as much in the road into such parking area as possible, and another truck driver testified that defendant told him to back up as near as he could to the rear of plaintiff's cafe to dump his load. Plaintiff testified that on another occasion, four or five years previously, defendant had placed planks with long nails sticking out of them on such parking lot, and that there was some trouble about it at such time. Plaintiff also testified that on the occasion when the rocks and debris were placed on the parking lot defendant was present and, after plaintiff talked to him about it, defendant promised that he would have a bulldozer out the next day or two and move everything, which testimony was substantiated by one of the truck drivers. Despite such assertion and despite the fact that the presence of such massive rocks on such premises was a continuing trespass and was interfering with plaintiff's use of his property, defendant never moved the rocks and

debris and plaintiff finally had to move them. The evidence establishes that defendant's conduct was wilful, deliberate and intentional, and evidences a wanton disregard of the rights of plaintiff. The jury could properly conclude that it was done with a conscious and reckless disregard of the injurious consequences of his act to others. See Bennett v. Howard, supra; S. Jacobs, Bernheim & Co. v. Crum, 62 Tex. 401 (1884); Hood v. Adams, 334 S.W.2d 206 (Tex.Civ.App.—Amarillo 1960, no writ); Schutz v. Morris, 201 S.W.2d 144 (Tex.Civ.App.—Austin 1947, no writ); Aetna Life Ins. Co. v. Love, 149 S.W.2d 1071 (Tex.Civ.App.—El Paso 1941, writ dism'd jdgmt cor.).

Defendant complains that the award of $1,000.00 exemplary damages is excessive. The amount of exemplary damages awarded by the jury is approximately twice the amount of actual damages awarded. While the amount of exemplary damages should be reasonably proportional to the actual damages, no set rule or ratio as between the amount of actual damages and exemplary damages can be laid down, and such amount must depend upon the facts of a particular case. Such amount depends, among other things, upon the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice and propriety. Schutz v. Morris, supra; Wright Titus, Inc. v. Swafford, 133 S.W.2d 287 (Tex. Civ.App.—Austin 1939, writ dism'd jdgmt cor.); 17 Tex.Jur.2d, Damages, §§ 186, 187. Under the rules laid down, we cannot say that the jury acted unreasonably or abused its discretion in making an award of $1,000.00 exemplary damages.

Defendant maintains that the court erred in refusing to assess the cost

of an oral deposition of defendant against plaintiff because such deposition was never used. The Supreme Court in Missouri Pacific Railway Co. v. Jarrard, 65 Tex. 560 (1886), held that the failure to use a deposition in a trial is no ground for taxing a party with the expense of taking such deposition.

■ Defendant also complains of error of the trial court in admitting in evidence certain checks given by plaintiff for repair and improvements on such premises. Counsel for plaintiff in open court stated that he was not suing on such checks, and the trial court also acknowledged this. While we do not see the materiality of the introduction of such checks in the case on trial, in view of the court's and counsel's statement, and the fact that the jury's findings of damages were sufficiently supported by other evidence, the error, if any, in admitting such checks was harmless.

■ Defendant maintains that a new trial should be granted because of certain testimony by plaintiff to this effect: "Well, I just want what he (the defendant) owns there and you (the defendant's attorney) take the rest and we'll both be millionaires." Such testimony was promptly objected to and sustained by the court and the jury instructed not to consider it. The testimony was given on cross-examination in response to a question by defendant's counsel pertaining to certain buildings owned by defendant, to the effect: "I was just wondering which one you want." While it is ordinarily not proper to discuss the relative worth of the parties, in view of the nature of defendant counsel's question and the court's instruction, we do not find any reversible error.

All of defendant's points of error are overruled. The judgment is affirmed.