Leo MICHNA et al., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 16629.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1976.

Rehearing Denied March 11, 1976.

Haynes & Fullenweider, Robert B. Wallis, Ray A. Bass, III, Houston, for appellants.

Jonathan S. Day, City Atty., Alan F. Levin, Senior Asst. City Atty., Dennis C. Gardner, Asst. City Atty., Houston, for appellees.

PEDEN, Justice.

This case originated as a mandamus action to compel the City of Houston to retroactively promote Police Department Lieutenants Michna, Bradley, and Kersten to the position of police captain and to pay them the increased salaries they would have earned had they been promoted. A take nothing judgment rendered by the trial court on the limitation issue was appealed to this court. We held in that case, *Michna v. City of Houston*, 521 S.W.2d 331 (1975, no writ), that the appellants' action was not barred by limitation and we remanded this cause for the limited purpose of making a further determination of the relief to be accorded them for "the additional salaries and other emoluments of the office of cap-

tain to which they would have been entitled had they been promoted to such positions upon the expiration of ninety days following the dates their respective vacancies occurred and until the date such positions were abolished by ordinance."

The plaintiffs had stated on their prior appeal that we "should reverse and render judgment in favor of appellants awarding them back pay from the date of accrual of their respective causes of action." We did not order the plaintiffs promoted. Instead of rendering the damages we remanded the cause to the trial court for a determination on this aspect of the case. Neither side sought a writ of error.

After a non-jury hearing on remand, the trial judge entered an order fixing the amount of additional salary each of the lieutenants was entitled to receive, ordering the City to make appropriate pension system contributions on behalf of each of them, and finding that each was entitled to have his Civil Service records reflect that he occupied the rank of captain for the period in question. The trial court's judgment recited, however, "that the Court of Civil Appeals opinion does not mandate nor does the record or the law support the Plaintiffs' claim to placement of the Plaintiffs . . . on and promotion from a position reinstatement list as of July 31, 1973." The date recited was the one on which the City by ordinance abolished the three positions of captain which we held the plaintiffs had been entitled to hold.

The appellants' only point of error is that the trial court erred in failing to order the appellants placed on a force reinstatement list as of July 31, 1973, and to order that they be appointed to the next three positions occurring. They rely on Section 21 of Article 1269m, Vernon's Texas Civil Statutes, which provides in part:

"In the event that any position in the Fire Department or Police Department is vacated or abolished by ordinance of the City Council, or legislative body, the employee holding such position shall be demoted to the position next below the rank

of the position so vacated or abolished; provided that when any position or positions of equal rank may be abolished or vacated, the employee or employees with the least seniority in the said rank shall be the one or ones who are demoted.

"In the event that it thereby becomes necessary to demote an employee or employees to the position next below the rank of the position so vacated or abolished, such employee or employees as are involuntarily demoted without charges having been filed against them for violation of civil service rules shall be placed on a position reinstatement list in order of their seniority. If any such position so vacated or abolished is filled or re-created within one (1) year, the position reinstatement list for such position shall be exhausted before any employee not on such list is promoted to such position. Promotions from the position reinstatement list shall be in the order of seniority."

The appellants also contend that the right to be placed on the position reinstatement list was an emolument of the office of captain, so the mandate of this court required the trial court to order their names included. They point out that more than three appointments were made to newly-created captains' positions within a year after the three positions were abolished on July 31, 1973, and that they would have been promoted if their names had been put on the position reinstatement list.

The City responds with three arguments as to position reinstatement list rights: first, the plaintiffs' claim to them is barred by *res judicata*; second, such rights are not an emolument of office; and third, equitable considerations bar the plaintiffs' claim to them.

■ We affirm the judgment of the trial court. We agree with the City's assertion that the plaintiffs' claim to position reinstatement rights is barred by the principle of *res judicata*. The plaintiffs first raised the list rights issue in their motion for determination of relief on remand. In the first trial (on the merits) their petition contained a prayer for general relief, but they did not preserve any point of error on the list rights issue on the prior appeal. The effect of a ruling in favor of the plaintiffs would be an order awarding each of them the rank of captain, relief they neither raised nor obtained on their prior appeal.

■ When a case is remanded with instructions, the authority of the trial court is limited and no issue can be tried except under the authority of the mandate. *Humble Oil & Refining Co. v. Kishi*, 299 S.W. 687 (Tex.Civ.App., 1927, writ ref.). On remand we limited the determination of relief to the period ending on July 31, 1973, so the trial court was not authorized to consider events occurring or benefits which might have accrued beyond that date.

■ All grounds of recovery or defense relating to the cause of action asserted in a pending suit must be urged or will be barred by the judgment. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963); *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973).

The judgment of the trial court is affirmed.