**S. B. WINGFIELD et al., Appellants,**

v.

**Frank G. BRYANT and Anne Newman Gibbs, as Independent Executrix of the Estate of Thomas B. Gibbs, Deceased, Appellee.**

**No. 12642.**

Court of Civil Appeals of Texas, Austin.

Jan. 4, 1978.

Rehearing Denied Feb. 1, 1978.

J. Hubert Lee, David B. Wagner, Austin, for appellants.

James O. Guleke, II, Daugherty, Kuperman, Golden, Carlisle & Morehead, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellees, Frank G. Bryant and Thomas B. Gibbs,[1] brought this suit against appellants, S. B. Wingfield, an adjoining landowner, and Solon D. Glosson, to recover damages for the loss of lateral support to their land. Appellees also sued appellant Wingfield to recover damages for trespass upon their property.

Based on the jury's answers to special issues, the trial court entered judgment for appellees against appellants, jointly and severally, for $15,000.00, for the loss of lateral support. The court also entered judgment against appellant Wingfield for trespass in the amount of $12,360.00.

We reverse this judgment and remand the cause for entry of judgment *nunc pro tunc.*

Appellees Bryant and Gibbs were the owners of two adjacent tracts of unimproved land, approximately 42.6 acres in size, which Bryant had originally acquired in October, 1972. Bryant then sold an undivided one-half interest in this land to Gibbs in February, 1974. The land adjoining appellees' land to the southeast was a 23-acre tract of land owned by Wingfield which he acquired in August, 1961. Wingfield subsequently acquired a 22.3-acre tract of land in

---

1. Thomas B. Gibbs died on February 4, 1976, during the course of this lawsuit. Anne Newman Gibbs was named to replace Thomas B. Gibbs as co-plaintiff.

December, 1972, adjacent to his first tract of land and on the other side of land owned by appellees.

Appellant Glosson's employees apparently started excavating appellant Wingfield's original 23-acre tract of land in June or July, 1972, under an oral agreement between Glosson and Wingfield. This agreement allowed Glosson to purchase sandy loam soil from Wingfield, and the record discloses that by June or July, 1972, there had already been considerable excavation done on the tract of land acquired by Wingfield in December, 1972.

Sometime in 1974 and the early part of 1975, Bryant and Gibbs began to develop their land as an industrial subdivision. However, erosion and subsidence to appellees' property in the latter part of 1974 resulted in a portion of the land falling and caving in. This condition allegedly grew worse through December, 1974.

On June 16, 1975, appellees brought this suit against appellants for loss of lateral support and negligent excavation. Appellees subsequently amended their original petition to include a cause of action against Wingfield for allegedly trespassing upon their property to dump debris and rubbish. Appellants denied the allegations and Wingfield filed a counterclaim against appellees for injunctive relief against the planned development of appellees' land and for "anticipatory" damages for any flooding of his property caused by appellees' proposed development of their property. During the course of the trial, however, Wingfield took a nonsuit on his action for damages.

The case was tried to a jury. In response to special issues, the jury found that appellees' property had been deprived of its lateral support by the excavation done on the Wingfield land. The jury also found that the excavation done by Glosson's employees was done in a negligent manner and that such negligence was the proximate cause of the damage done to appellees' land. Damages of $15,000.00 were assessed for the loss of lateral support. In addition, the jury found that Wingfield's agent or employee trespassed upon appellees' property causing it to be damaged in the amount of $12,-360.00.

In accordance with the jury's verdict, the trial court rendered judgment for appellees on October 22, 1976. Appellants did not file a motion for new trial. Instead, on November 4, 1976, appellants filed motions to have the judgment withdrawn and to disregard certain issues and enter judgment notwithstanding the verdict. The trial court denied appellants' motions on November 22, 1976. Thereafter, appellants on July 15, 1977, filed a motion for correction of judgment and entry of judgment *nunc pro tunc.* This motion was also denied by the trial court.

Appellants attack the judgment of the court below by various points of error. We will address only one point, however, because in our view it disposes of this appeal.

Under their sixth point, appellants contend in effect that the trial court erred in overruling their motion for judgment *nunc pro tunc,* since the judgment contained a typographical error in the recitation of the jury's finding to a special issue. The judgment erroneously recited that the jury found ". . . an area encompassing approximately 1.84 acres at a depth of 75'." The jury's finding was "at a depth of 25'."

As set forth above, appellants filed a motion for correction of judgment and entry of judgment *nunc pro tunc* requesting that the court withdraw its judgment and enter a corrected version. This motion was denied by the trial court and appellants claim that the court erred in denying their request. We agree with this contention. The typographical error, which caused the misrecital of the jury's finding to a special issue in the judgment, was due to a clerical error in the recordation of the judgment entered. Hence, the misrecital of the jury's finding was subject to correction by judgment *nunc pro tunc* and, therefore, it was error for the trial court to deny appellants' motion. *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973); *Love v. State Bank and Trust Co. of San Antonio,* 126 Tex. 591, 90 S.W.2d 819 (1936); *Nevitt v. Wilson,* 116 Tex. 29, 285 S.W. 1079 (1926); *Coleman v. Zapp,* 105

Tex. 491, 151 S.W. 1040 (1912); *Hays v. Hughes,* 106 S.W.2d 724 (Tex.Civ.App.Austin 1937, writ ref'd).

The judgment of the trial court is reversed and the cause remanded for entry of judgment *nunc pro tunc.*