**Robert ENGELKE, Appellant,**

v.

**Woody CRAWFORD, Appellee.**

**No. 12908.**

Court of Civil Appeals of Texas, Austin.

April 18, 1979.

Robert E. Jack, Law Offices of John B. Henderson, Jr., Cameron, for appellant.

Charles C. Smith, Jr., Cameron, for appellee.

PHILLIPS, Chief Justice.

This is a case involving the interpretation of a contract which was partly oral and partly written. The written part, relied on by appellant, was introduced into evidence. It provided that the parties entered into a partnership or joint venture to operate a store, "The Front Porch." The parties were to share equally in the profits. Pursuant to the contract, appellant constructed the building to house the store, and appellee furnished the land. The written contract further provided that: "To further clarify any problems that may arise in case of the failure of said business and the business is forced to close and sell out, [appellant] is to receive a fair amount for his labor in said building. . . ." Appellant is suing for that "fair amount."

The trial court found that the agreement between the parties was partially in writing and partially oral. The court also found that the agreement between the parties was executory in nature, and that appellant breached the agreement by failure to perform his part thereunder. The trial court ordered that appellant take nothing.

Appellant contends, *inter alia*, that the contract upon which appellant based his claim was severable as a matter of law, and that the court's findings of fact, as a matter of law, show appellant entitled to recovery.

We affirm.

■ There is no statement of facts filed in this case; therefore, the evidence of the oral contract found by the court is not available for review by this Court. In the absence of a statement of facts, we must presume there was evidence to support the findings of fact and the court's judgment. *Mays v. Pierce*, 154 Tex. 489, 281 S.W.2d 79 (1955). Appellant contends that this Court need only look at the quoted language of the written portion of the contract, and that its *terms are unambiguous and severable as a matter of law*. Appellant notes in his brief, however, that severability ". . . depends upon the intention of the parties which may be determined from the language used in the agreement. . ." Again, we are not able to examine the terms of the oral portion of the agreement.

■ The trial court, having found a breach of the contract by appellant, correctly concluded that appellant could not recover thereunder. See, e. g., *Great Plains Life Insurance Company v. First National Bank of Lubbock*, 316 S.W.2d 98 (Tex.Civ.App. 1958, writ ref'd n. r. e.); *Federal Sign Co. of Texas v. Fort Worth Motors*, 314 S.W.2d 878 (Tex.Civ.App.1958, no writ); *Humphrey v. Showalter*, 283 S.W.2d 91 (Tex.Civ.App. 1955, writ ref'd n. r. e.).

The judgment of the trial court is in all things affirmed.

Affirmed.