**S. B. WINGFIELD et al., Appellants,**

v.

**Frank G. BRYANT and Anne Newman Gibbs, Independent Executrix of the Estate of Thomas B. Gibbs, Deceased, Appellees.**

No. 13234.

Court of Civil Appeals of Texas, Austin.

April 8, 1981.

Rehearing Denied April 29, 1981.

J. Hubert Lee, Austin, for appellants.

James O. Guleke, II, Daugherty, Kuperman, Golden, Carlisle & Morehead, Austin, for appellees.

PHILLIPS, Chief Justice.

This is the second appeal of this case. The first is reported in 560 S.W.2d 785 (Tex.Civ.App.1978, writ dism'd). In that

case, we reversed the judgment of the trial court and remanded the case for entry of a judgment *nunc pro tunc.* Pursuant to a hearing, the trial court entered the required judgment and again appeal has been perfected to this Court.

We refer to our former opinion for a recitation of the facts.

Appellants claim that on remand, the trial court erred in failing to order a remittitur and refusing to consider testimony in support of the motion for remittitur.

■ When this Court remanded the first appeal in this case and ordered the trial court to enter a judgment *nunc pro tunc,* the trial court had only the jurisdiction to enter that *nunc pro tunc* judgment. It did not have the jurisdiction to change the judgment in any other manner. *Wells v. Littlefield,* 62 Tex. 28 (1884), *Michna v. City of Houston,* 534 S.W.2d 728 (Tex.Civ.App. 1976, writ ref'd n.r.e.). The trial court was correct in refusing to consider the offered testimony and in refusing to grant a remittitur.

There are serious questions on what part of the record is properly before this Court. The statement of facts and the original transcript were filed with this Court in the original appeal. Appellants appealed again after the trial court entered a *nunc pro tunc* judgment. The record in the first appeal was not refiled for this appeal. We do not decide whether the original record is properly before this Court because we would affirm the trial court in either instance. *See Sigler v. Realty Bond & Mortgage Co.,* 135 Tex. 76, 138 S.W.2d 537 (1940); *Nolan v. Bettis,* 577 S.W.2d 551 (Tex.Civ.App.1979, writ ref'd n. r. e.).

■ If the record of the first appeal is not properly before this Court, then we must assume that it contained evidence that supports the judgment of the trial court. *Engelke v. Crawford,* 581 S.W.2d 217 (Tex. Civ.App.1979, no writ). We, therefore, overrule appellants' remaining points of error that were based upon the record of the original appeal.

If the record of the first appeal is properly before this Court, we still find that the judgment of the trial court is correct. As stated in our previous opinion, appellants allegedly excavated dirt from their land that adjoins appellees'. The damages involve the loss of lateral support to appellees' land due to the excavation. There is also an allegation that appellants trespassed on appellees' land by going thereon and dumping debris.

Consequently, we have a two-pronged cause of action, the one for loss of lateral support and the other for trespass.

With respect to the question of lateral support, the jury found that: certain excavating was done on appellants' property which resulted in the loss of lateral support to appellees' property; the portion of appellees' property that lost lateral support was found and described in metes and bounds; the excavation (a) failed to leave a sufficiently sloped earthen buffer between the properties, (b) failed to protect the slope of the earthen buffer against exposure to the actions of the elements, and (c) failed to ascertain the exact location of the property line between the properties. Further, in section (d) of the special issue the jury found that appellants had not excavated into appellees' property.

The jury then found that such act, or acts, or omission as set out in subdivisions (a), (b), and (c) was negligence. This was followed by an affirmative finding on proximate cause, then an affirmative finding on money damages to appellees' land.

■ Before a party may recover for the loss of lateral support, he must show that his land has been injured. *Simon v. Nance,* 100 S.W. 1038 (Tex.Civ.App.1907, no writ). Appellants claim that the trial court failed to submit to the jury a special issue on this point. Appellants objected to this and offered a special issue as required by Tex.R.Civ.P. 279. The record is filled with references by appellants' and appellees' witnesses concerning a large hole on appellees' property. The hole was roughly 50 to 75 feet in diameter and 25 feet deep. No one claimed that this hole did not exist. There

can be no question but that a hole this size is an injury to appellees' property. This hole was within the area that the jury found had suffered a loss of lateral support. As stated before, the jury also found that the loss of lateral support was a proximate cause of the damage to appellees' land. An uncontested fact does not have to be submitted to the jury. *Sullivan v. Barnett*, 471 S.W.2d 39 (Tex.1971).

Appellants' other points of error concerning lateral support are without merit.

With respect to appellants' alleged trespass to appellees' land, the jury found that appellants' agent or employee had entered upon appellees' land without appellees' consent or knowledge; that such entry was done with the knowledge and consent of appellants and that appellees' property was damaged as a result of the entry.

■ The record discloses that appellants had gone onto appellees' land with trucks carrying certain "fill" (debris of various kinds) and dumped this fill on appellees' land. The jury found that it would cost $12,360.00 to remove the fill placed on appellees' property so as to restore appellees' property to the condition in which it was immediately prior to the entry by appellants.

■ Appellants maintain that the damages awarded with respect to the trespass were excessive and that the court applied the wrong rule as to the damages. We think not. The record confirms the fact that the "fill" was dumped on appellees' land and competent witnesses testified as to the cost of removing the fill and leaving the land as it was before the trespass. The measure of damages for the trespass in this instance is the cost of restoring the property to its former condition. *Cain v. Fontana*, 423 S.W.2d 134 (Tex.Civ.App.1968, writ ref'd n. r. e.).

Affirmed.

Therefore, we affirm the judgment of the trial court.

POWERS, J., not sitting.

SHANNON, Justice, concurring.

I concur in the affirmance of the judgment of the trial court.

In appeal number 12,642, appellants filed a transcript and a statement of facts. This Court reversed the judgment of the trial court and remanded the cause to the trial court for entry of judgment *nunc pro tunc.* After entry of judgment *nunc pro tunc,* appellants then perfected their appeal in appeal number 13,234. Appellants filed a transcript, but not a statement of facts in the present appeal, number 13,234.

Appellees' reply point one is that the judgment must be affirmed because appellants failed to preserve error by filing a statement of facts.

In response, appellants argue that the statement of facts filed in appeal number 12,642 should be considered as also filed in the present appeal, number 13,234.

An appellate court may take notice of its records for purposes of *res judicata*, but an appellate court may not refer to the statement of facts of another case "... for the purpose of ascertaining a *fact* not shown in the record of the case before it ..." (Emphasis supplied by Supreme Court). *Victory v. State*, 158 S.W.2d 760 (1942); *State v. Savage*, 151 S.W. 530 (Tex.1912); *Armendiaz v. Serna*, 40 Tex. 291 (1874); *Nolan v. Bettis*, 577 S.W.2d 551 (Tex.Civ.App.1979, writ ref'd n. r. e.).

Most of appellants' points of error attack the answers of the jury to the court's charge. In the absence of a statement of facts, it is presumed that evidence supports the jury's findings. *Guthrie v. National Homes Corporation*, 394 S.W.2d 494 (Tex. 1965). It is upon this basis that I would affirm the judgment.