NO.
12-06-00391-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: MELODY ANNE 

OBESO VERHAGE, §          ORIGINAL
PROCEEDING

RELATOR

§          

 

 



MEMORANDUM OPINION

            Melody Anne
Obeso Verhage seeks a writ of mandamus requiring Respondent, the Honorable
Daniel B. Childs, Judge of the County Court at Law, Cherokee County, Texas, to
comply with this court’s mandate issued pursuant to our decision in Verhage
v. Verhage, No. 12-04-00309-CV, 2006 WL 1791565 (Tex. App.–Tyler 2006,
no pet.) (mem. op.).  The real party in
interest is John Verhage.  We
conditionally grant the writ.

 

Background

            On June 30,
2006, we issued our opinion in Verhage reversing a decree of
annulment and remanding the case to the trial court for the entry of a divorce
decree consistent with our opinion.  Id.,
at *7.  In an amended judgment dated July
12, 2006, we ordered the trial court to vacate certain findings of fact and to
amend certain other findings of fact by deleting the language specifically
identified in our judgment.  Our mandate
issued in enforcement of our judgment on September 5, 2006.








            On August
14, 2006, Melody Verhage filed a motion requesting the trial court to sign
final amended findings of fact and conclusions of law (“amended findings”) in
conformity to our amended judgment.  The
trial court held a hearing on the motion and thereafter refused to sign the
amended findings.  The next day, John
Verhage filed a motion for new trial alleging that the “findings of fact and
conclusions of law made by the court are against the great weight and
preponderance of the evidence.”  Melody
filed a motion requesting the trial court to reconsider its refusal to sign the
amended findings.  At a hearing on
September 22, 2006, the trial court heard both motions.  Melody again contended that the amended
findings were required by our amended judgment. 
John urged that he was entitled to a new trial on the issue of whether
the 2000 Ford Mustang was community property rather than Melody’s separate
property as previously found by the trial court.  The trial court granted John’s motion for new
trial, “in the interest of justice,” on the issue of “the separate or community
property status of the 2000 Ford Mustang and the balance of division of
community property that may result therefrom.” 
The trial court stated in its order that the amended findings of fact “are,
in some respects, conditioned upon [the] final finding in the new trial and are
therefore reserved.”  This original
proceeding followed.

 

Availability
of Mandamus

            Mandamus is
available to correct a clear abuse of discretion or violation of a legal duty
imposed.  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992). 
Moreover, there must be no other adequate remedy at law.  Id.  When the trial court’s discretion is
addressed to a factual issue, the relator must establish that the trial court’s
decision was contrary to the only decision reasonable under the
circumstances.  Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).  A trial court has no discretion to determine
the applicable law, and the failure of the trial court to correctly apply the
law will constitute an abuse of discretion. 
Walker, 827 S.W.2d at 839-40.

            “When the
trial court clerk receives the mandate, the appellate court’s mandate must be
enforced.”  Tex. R. App. P. 51.1(b). 
A trial court must observe and carry out an appellate court’s
mandate.  Schliemann v. Garcia,
685 S.W.2d 690, 692 (Tex. App.–San Antonio 1984, orig. proceeding).  A trial court’s failure or refusal to comply
with a court of appeals mandate is an abuse of discretion.  Lee v. Downey, 842 S.W.2d 646,
648 (Tex. 1992) (orig. proceeding).  A
court of appeals may issue mandamus to enforce the trial court’s compliance
with its mandate.  Curtis v. Nobles,
588 S.W.2d 687, 688 (Tex. App.–Amarillo 1979, orig. proceeding).

 

The Trial
Court’s Discretion

            When a case
is remanded with instructions, the authority of the trial court is limited, and
no issue can be tried except under the authority of the mandate.  Contemporary Health Mgmt. v. Palacios,
832 S.W.2d 743, 747 (Tex. App.–Houston [14th Dist.] 1992, no writ); Michna
v. City of Houston, 534 S.W.2d 728, 730 (Tex. App.–Houston [1st Dist.]
1976, writ ref’d n.r.e.).  Here, the
trial court granted a new trial on the characterization of the 2000 Ford
Mustang and any resulting property division. 
Our mandate did not authorize a retrial of these issues.  Therefore, the trial court abused its
discretion in granting John’s motion for new trial.  See Contemporary Health Mgmt.,
832 S.W.2d at 747; Michna, 534 S.W.2d at 730.

            Moreover,
our amended judgment ordered the trial court to vacate certain findings
included in the decree of annulment; to vacate or amend, as specified, certain
findings dated November 2, 2004; and to vacate certain findings dated November
22, 2004.  The amended judgment
identifies by number and date the findings to be vacated or amended.  Further, as to the November 22, 2004 findings
that are to be amended, the amended judgment identifies the language that is to
be deleted from each such finding.  We
have reviewed the proposed amended findings and conclude that they conform to
the requirements of our amended judgment. 
Therefore, to carry out our mandate, the trial court was required to
sign the findings.  See Schliemann,
685 S.W.2d at 692.  Its failure to do so
constitutes an abuse of discretion.  See
Lee, 842 S.W.2d at 648.

 

                        Conclusion

            Having held
that the trial court abused its discretion in failing to carry out our mandate,
we conditionally grant the writ of mandamus.  Id. 
However, we are confident that the trial court will, within ten days of
the date of this opinion and order, (1) vacate its September 28, 2006 order
granting John’s motion for new trial and reserving Melody’s requested amended
findings, (2) issue an order denying John’s motion for new trial, (3) issue an
order granting Melody’s motion for reconsideration of the trial court’s refusal
to sign the proposed amended findings, and (4) sign the amended findings.  The writ of mandamus will issue only if it
does not.

                                                                                                     BRIAN HOYLE    

                                                                                                              Justice

 

Opinion delivered December
20, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

(PUBLISH)